Mark A. McAFEE

v.

Warren S. COLE and Cole Farms Restaurant, Inc.

Supreme Judicial Court of Maine.

Argued Sept. 20, 1993.

Decided Feb. 18, 1994.

David J. Corson (orally), Frances L. Rice, Yarmouth, for plaintiff.

Toby Hollander, Lisbon Falls, for amicus curiae ME Trial Lawyers Ass'n.

Anita M. St. Onge, Asst. Atty. Gen., Augusta, for amicus curiae Dept. of Atty. Gen.

Thomas F. Monaghan (orally), Monaghan, Leahy, Hochadel & Libby, Portland, for defendant Cole Farms.

John F. Barnicle (orally), Moncure & Barnicle, Brunswick, for defendant Warren Cole.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

Mark A. McAfee appeals from the judgment entered in the Superior Court (Cumberland County, *Lipez, J.*) dismissing his complaint against defendants Warren S. Cole ("Cole") and Cole Farms Restaurant, Inc. ("Cole Farms"), pursuant to M.R.Civ.P. 12(b)(6). McAfee raises three arguments on appeal: (1) because his claims based on sexual abuse did not accrue until he "discovered" them in 1992, they are not barred by the statute of limitations; (2) even if his claims would otherwise be barred by the statute of limitations, factual issues concerning the tolling provisions of 14 M.R.S.A. §§ 853 and 859 (Supp.1993)[1] preclude the dismissal of his complaint; and (3) the Superior Court erred in dismissing his complaint without granting him leave to amend to allege mental illness

---

1. 14 M.R.S.A. § 853 (Supp.1993) provides as follows:

If a person entitled to bring any of the actions under sections 752 to 754, including section 752–C, . . . is a minor, mentally ill, imprisoned or without the limits of the United States when the cause of action accrues, the action may be brought within the times limited herein after the disability is removed.

14 M.R.S.A. § 859 (Supp.1993) provides as follows:

If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action. . . .

and fraudulent concealment. We affirm the judgment.

We conclude that McAfee's claims against Cole and Cole Farms accrued when the alleged abuse occurred. Therefore, although the statutes of limitations were tolled until McAfee reached his majority in 1974, section 853, all McAfee's claims had expired by 1980—long before the Legislature adopted a discovery rule arguably applicable to the circumstance of this case. Because McAfee did not adequately raise the issues of amending his complaint or the presently claimed applicability of sections 853 and 859 before the Superior Court, he has failed to preserve them for the purposes of this appeal.

## I. *Facts*

McAfee alleges in his complaint that he was sexually abused by Cole hundreds of times between 1965 and 1971. During this time McAfee was a minor. McAfee further alleges that Cole used alcohol, pornographic magazines and films, money, and food to entice McAfee into submitting to the sexual acts. At all times relevant to this action, Cole was a stockholder and employee of Cole Farms. McAfee asserts that Cole and other employees of Cole Farms knew or should have known of the sexual acts.

McAfee alleges that he repressed all memories of these episodes until January 1992, when he saw a television report that Cole had been charged with sexually abusing other persons. Less than five months later, McAfee filed his complaint. He alleges that he has suffered and will continue to suffer mental distress, emotional instability, trauma, lost wages, and medical costs.

Both defendants filed motions to dismiss pursuant to M.R.Civ.P. 12(b)(6) on the ground that the statute of limitations barred McAfee's claims. In McAfee's initial response, he requested leave to amend his complaint in the event that the Superior Court determined that he had failed to state a claim for which relief could be granted. This request did not specify the grounds for the amendment, nor did he raise this issue during the hearing before the court.

The Superior Court ruled 14 M.R.S.A. § 752–C (Supp.1993), that provides a claim based on a sexual act with a minor accrues when the plaintiff discovers or reasonably should discover the harm, does not apply to McAfee's claims. The court ruled that McAfee's claims are barred by the two-year limitations period for assault and battery, 14 M.R.S.A. § 753 (Supp.1993), and the general six-year limitations period for all civil actions, 14 M.R.S.A. § 752 (1980). After the order of dismissal, McAfee did not file a motion to amend his complaint and instead filed this appeal. We agree that no discovery rule is applicable to this case, and reject McAfee's other contentions.

## II. *Standard of Review*

A motion to dismiss tests the legal sufficiency of the complaint. *Richards v. Soucy*, 610 A.2d 268, 270 (Me.1992). For purposes of a 12(b)(6) motion, the material allegations of the complaint must be taken as admitted. *Larrabee v. Penobscot Frozen Foods, Inc.*, 486 A.2d 97, 98 (Me.1984). In reviewing a dismissal, we examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory. *Id.* at 99. A dismissal should only occur when it appears "beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Hall v. Bd. of Envtl. Protection*, 498 A.2d 260, 266 (Me. 1985).

## III. *Statutes of Limitations*

The timeliness of McAfee's claims depend on the applicability of section 752–C. If McAfee's claims accrued at the time of the alleged acts or when he reached his majority, as the Defendants argue, then his claims are barred by the statute of limitations. If they accrued when McAfee "discovered" the abuse in 1992, as McAfee asserts, his claims are timely.

In 1991 the Legislature amended section 752–C [2] to provide as follows:

2. When the Legislature first enacted section 752– C in 1985, it did not contain a discovery rule. In

Actions based upon sexual intercourse or a sexual act . . . with a person under the age of majority must be commenced within 12 years after the cause of action accrues, *or within 6 years of the time the person discovers or reasonably should have discovered the harm,* whichever occurs later.

14 M.R.S.A. § 752–C (Supp.1993) (emphasis added). The Legislature further provided that the 1991 Act applies to:

1. All actions based upon sexual intercourse or a sexual act occurring after the effective date of this Act; and

2. All actions for which the claim has not yet been barred by the previous statute of limitations in force on the effective date of this Act.

P.L.1991, ch. 551, § 2.

Since the sexual abuse alleged in McAfee's complaint occurred prior to 1991, the discovery rule of the 1991 Act only applies to McAfee's claims if, pursuant to subsection 2, they were not already barred by the previous statute of limitations. The last act of alleged abuse occurred some time in 1971, while McAfee was yet a minor. There is no question that the statute of limitations for that act of abuse was tolled until at least May 18, 1974—McAfee's eighteenth birthday. 14 M.R.S.A. § 853. On that date, however, the longest potentially applicable statute of limitations was six years, 14 M.R.S.A. § 752, and there was no recognized, applicable discovery rule. *See Bozzuto v. Ouellette,* 408 A.2d 697 (Me.1979). Therefore, by 1980, McAfee's claims had expired pursuant to the statute of limitations in effect when he obtained his majority. Section 752–C, by its terms, does not apply to McAfee's claims. We decline from the circumstances of this case to announce a judicially crafted discovery rule applicable to the predecessor of section 752–C.

## IV. *The Tolling of the Statute of Limitations*

Because section 752–C does not apply to McAfee's claims, they were barred by the "previous statute of limitations," unless a statutory tolling provision applies. McAfee argues on appeal that factual issues surrounding the applicability of two tolling provisions, 14 M.R.S.A. §§ 853 (mental illness) and 859 (fraudulent concealment), precluded the dismissal of his complaint. McAfee further argues that he should have been granted leave to amend his complaint to include allegations of mental illness and fraud. The defendants argue that McAfee did not raise these issues before the Superior Court and therefore waived them on appeal.

We agree with the defendants that McAfee did not preserve the issue of mental illness. In his complaint, McAfee alleges that he denied and repressed all memories of the sexual acts until he watched a television report concerning criminal charges against Cole, and claims to have experienced trauma and severe stress. McAfee's complaint is insufficient to alert the court and opposing parties that mental illness might be an issue. *Chasse v. Mazerolle,* 580 A.2d 155, 156 (Me. 1990). Mental illness under the tolling statute refers to an *overall inability* to function in society that prevents plaintiffs from protecting their legal rights. *See Smith v. Smith,* 830 F.2d 11, 12 (2d Cir.1987); *Hildebrand v. Hildebrand,* 736 F.Supp. 1512, 1514 (S.D.Ind.1990); *Hickey v. Askren,* 198 Ga. App. 718, 403 S.E.2d 225, 229 (1991); *Yannon v. RCA Corp.,* 131 A.D.2d 843, 517 N.Y.S.2d 205, 206 (1987). McAfee does not allege such an overall incapacity.

With respect to the tolling provisions of 14 M.R.S.A. § 859 (Supp.1993), the record is devoid of any mention of fraudulent concealment. Although McAfee asserts that he would have raised this issue had he been granted leave to amend his complaint, he did not seek leave from the Superior Court to do so, even after the court granted the defendants' motion to dismiss. Instead, McAfee opted to appeal the order of dismissal and now takes the position that the court abused its discretion by denying him such an opportunity.

McAfee's position is without merit. He correctly points out that, pursuant to 1989 the Legislature amended section 752–C to include a discovery rule.

M.R.Civ.P. 15(a), leave to amend shall be freely given when justice so requires. *See Barkley v. Good Will Home Ass'n,* 495 A.2d 1238, 1240 (Me.1985) (absent evidence of bad faith or dilatory motives on the part of the plaintiff or undue prejudice to the defendant, the trial court abused its discretion by denying the plaintiff an opportunity to amend her complaint after it was dismissed pursuant to M.R.Civ.P. 12(b)(6)). In the instant case, however, McAfee did not file a motion requesting this relief, nor did he inform the court of his basis for desiring to amend the complaint.

We have repeatedly held that "[n]o principle is better settled than that a party who raises an issue for the first time on appeal will be deemed to have waived the issue, even if the issue is one of constitutional law." *Cyr v. Cyr,* 432 A.2d 793, 797 (Me.1981). "[T]he primary reason for that rule is to ensure that the trial court has an opportunity to determine the propriety of the relief requested." *Id.* at 797–98. Another reason for the rule is "to ensure that the trial court has full opportunity to dispose finally of the action." *Laurel Bank and Trust Co. v. Burns,* 398 A.2d 41, 44 (Me.1979). If McAfee wanted to amend his complaint, it was incumbent on him to file a motion with the Superior Court. By failing to take such action, he has not preserved this issue on appeal. *See Johnson v. Bollinger,* 86 N.C.App. 1, 356 S.E.2d 378, 382 (1987) (when plaintiff failed to take any action to amend his complaint either before or after its dismissal, he cannot complain on appeal that he lacked adequate opportunity to amend his complaint).

The entry is

Judgment affirmed.

WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ., concurring.

DANA, Justice, dissenting.

In the absence of explicit legislative direction, determining when a cause of action accrues remains a judicial function. *Anderson v. Neal,* 428 A.2d 1189, 1190–91 (Me.1981). A cause of action generally accrues when the wrongful act occurs. In certain limited circumstances, however, we have held that a cause of action accrues not when the wrongful act occurs, but when the plaintiff discovers the harm. Our determination of what circumstances merit the application of the "discovery rule" has depended on four factors: (1) the nature of the relationship between the plaintiff and the defendant; (2) the magnitude of the loss or harm; (3) the plaintiff's inability to discover that he had been wronged within the applicable limitations period; and, to a lesser degree, (4) the existence of corroborating evidence. *See Black v. Ward,* 549 A.2d 371, 372 (Me.1988); *Bolton v. Caine,* 541 A.2d 924, 926 (Me.1988); *Myrick v. James,* 444 A.2d 987, 995–97 (Me. 1982); *Anderson,* 428 A.2d at 1191–92.

In the present case, the Court declines to apply the discovery rule to McAfee's claims. This result is not unprecedented, as we have declined to extend the rule in at least six other cases.[1] In all of these decisions, however, we explained *why* the discovery rule did not apply. Today the Court departs from this practice by affirming the dismissal

---

1. *See Dugan v. Martel,* 588 A.2d 744, 746 (Me. 1991) (where plaintiff knew of defects in defendant's installation of insulation, her negligence claim accrued on date she discovered the defects, not on date she discovered the scope of her injury; *Kasu Corp. v. Blake, Hall & Sprague, Inc.,* 582 A.2d 978, 979–80 (Me.1990) (discovery rule did not apply because there was "nothing inherently unknowable" about plaintiff's claim for breach of contract); *Arsenault v. Kipp,* 565 A.2d 97, 99–100 (Me.1989) (plaintiff's claim against physician for negligent diagnosis accrued when he was told that there had been "some mismanagement" of his case, not when he received another physician's assessment of the underlying facts); *Matson v. Babcock,* 565 A.2d 312, 313 (Me.1989) ("Because the insured was capable of discovering any malpractice there is no justification for applying the discovery rule in this case."); *Chiapetta v. Clark Associates,* 521 A.2d 697, 700 (Me.1987) (because there was "nothing inherently unknowable" about plaintiff's breach of contract claim, discovery rule did not apply); *Bozzuto v. Ouellette,* 408 A.2d 697, 699 (Me.1979) (discovery rule did not apply to plaintiff's wrongful conversion claim against sheriff because plaintiff's damages were "immediately determinable" when sheriff wrongfully sold his property).

of McAfee's claims without analyzing whether the rule should be applied. Because McAfee has alleged (1) an adult-child relationship, (2) substantial harm, and (3) repression of childhood trauma, I would apply the discovery rule to McAfee's claims if (4) supported by corroborating evidence.