STATE OF MAINE                          SUPERIOR COURT
HANCOCK, SS.                            CIVIL ACTION
                                        Docket No. RE-02-27

Ralph D. Brown,
        Plaintiff


        v.                                              Order

DONALD L. GARRECHT
LAW LIBRARY

MAR 1 1 2003

Russell B. Brown,
        Defendant


Through his complaint, the plaintiff seeks a judgment declaring the parties'
relative degrees of interest in a parcel of real estate located in Castine. He also seeks an
equitable partition of that property by sale. In his responsive pleading, the defendant
raised an affirmative defense of fraud, and he also posed a counterclaim for tortious
interference with his expectant interest in the same parcel.[1] The expectancy is alleged to
flow either from an inter vivos trust or from an inheritance. As part of that counterclaim,
the defendant alleged that the plaintiff had engaged in "fraud, intimidation, and undue
influence" but did not specify the conduct that formed the basis for those allegations.
Without filing a responsive pleading to the counterclaim, the plaintiff then moved for a
more definite statement or, alternatively, for dismissal of the counterclaim for failure to
state a claim. See M.R.Civ.P. 9(b) ("In all averments of fraud. . ., the circumstances
constituting fraud. . .must be stated with particularity.").

In apparent response to this motion, the defendant filed an amended responsive
pleading. See M.R.Civ.P. 15(a). In that amended pleading, the defendant alleged
specific facts that he contends constitute the conduct underlying both the affirmative
defense of fraud and the claim for tortious interference. Finally, in response to those
amended allegations, the defendant has moved to dismiss the counterclaim for failing to

---

[1] In this order, the court will refer to the counterclaim plaintiff as "the defendant," and to
the counterclaim defendant as "the plaintiff."

1

state a claim that could support relief. *See* M.R.Civ.P. 12(b)(6). It appears that the defendant's amended pleading satisfied the plaintiff's motion for more definite statement, and consequently that motion is not longer in order for disposition. The pending matter, then, is the plaintiff's second motion to dismiss and the interrelated part of the plaintiff's first motion to dismiss the affirmative defense of fraud. The court has considered the parties' submissions associated with those motions.

A claim of tortious interference with an expectancy rests of allegations and proof of "(1) the existence of an expectancy of inheritance; (2) an intentional interference by a defendant through tortious conduct, such as fraud, duress, or undue influence; (3) a reasonable certainty that the expectancy of inheritance would have been realized but for the defendant's interference; and (4) damage resulting from that interference." *Morrill v. Morrill*, 1998 ME 133, ¶5, 712 A.2d 1039, 1041-42. A claim for tortious interference with an expectancy created by an inter vivos trust would be defined by analogous elements. The plaintiff does not challenge the sufficiency of the bare allegations made by the defendant in the counterclaim. Rather, the plaintiff contends that the nature of the conduct specifically alleged by the defendant in the amended pleading, as a matter of law, fails to rise to the level of actionable conduct. Even so, the plaintiff's motion triggers the conventional inquiry: the allegation must be examined "in the light most favorable to the. . .[pleading party] to determine whether it sets forth elements of a cause of action or alleges facts that would entitle. . .[that party] to relief pursuant to some legal theory." *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994). A dismissal is proper "only when it appears beyond doubt that a. . .[pleading party] is entitled to no relief under any set of facts that he might prove in support of his claim." *Hall v. Board of Environmental Protection*, 498 A.2d 260, 266 (Me. 1985).

The plaintiff argues that the factual conduct ascribed to him in the defendant's counterclaim is not fraudulent in nature. *See generally Rutland v. Mullen*, 2002 ME 98, ¶ 14, 798 A.2d 1104, 1111 (elements of fraud). The defendant cannot and does not make a serious argument to the contrary. Therefore, that alternative allegation of fraud associated with the counterclaim must be stricken. Further, for the same reason, the affirmative defense of fraud must be stricken. However, as the *Morrill* Court noted, the nature of the tortious conduct supporting a claim for tortious interference is not limited to

2

fraudulent conduct. Accordingly, here the defendant has also alleged that the plaintiff engaged in intimidation and undue influence. Those elements are consistent with the nature of a claim for tortious interference claim as discussed in *Morrill.*

Despite the plaintiff's argument to the contrary, the court is not persuaded that allegations of that type of conduct are subject to the pleading requirements of rule 9(b). Although cases from several other jurisdictions support the plaintiff's position, in Maine state courts rule 9(b) is limited to instances where a party alleges fraud or mistake. Further, the Law Court's holdings that impose that type of detailed allegations have not extended to claims of intimidation and undue influence. Thus, they are subject to the conventional criterion that "[e]ach averment of a pleading shall be simple, concise, and direct." *See* M.R.Civ.P. 8(e)(1).

Beyond this, the court does not attempt to determine the sufficiency of the factual basis for the defendant's claims of intimidation and undue influence, because the defendant does not purport to identify the specific factual basis for those allegations in the amended counterclaim. Rather, he expressly limits the allegations of specific conduct to the fraud claim. *See* Counterclaim at ¶ 2. Any argument that the evidence is insufficient to support allegations of intimidation and undue influence must wait for an assessment of the evidence, either in a motion for summary judgment or at trial.

The entry shall be:

For the foregoing reasons, the plaintiff's motion to dismiss is granted in part and denied in part. The court strikes the affirmative defense of fraud as set out in the defendant's "Amended Answer," and the court dismisses the defendant's allegation of fraud in the defendant's "Amended Counterclaim." Beyond this, the plaintiff's motion to dismiss is denied.

Dated: January 29, 2003

_____
Justice, Maine Superior Court

FILED &
ENTERED

FEB 0 4 2003

SUPERIOR COURT
HANCOCK COUNTY

3