STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, SS.                          CIVIL ACTION
                                        Docket No. CV-04-120


The Cadle Company, II, Inc.,
       Plaintiff


       v.                               Order (Motion for Summary Judgment)


Richard E. Hill et al. d/b/a
Mt. Chase Lodge,
       Defendant

FILED & ENTERED
SUPERIOR COURT

OCT 04 2004

PENOBSCOT COUNTY

Pending before the court is the plaintiff's motion for summary judgment. The court has reviewed and considered the parties' filings associated with the motion.

Summary judgment is proper only if the record on summary judgment shows that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *See* M.R.Civ.P. 56. To survive a motion for a summary judgment, the opposing party must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law. *Rodrigue v. Rodrigue*, 1997 ME 99, ¶8, 694 A.2d 924, 926. "'A fact is material when it has the potential to affect the outcome of the suit.'" *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 172. If the evidence favoring the nonmoving party is "merely colorable, or is not significantly probative, a summary judgment may be granted." *See Green v. Cessna Aircraft Co.*, 673 A.2d 216, 218 (Me. 1996) (citation and internal punctuation omitted).

The plaintiff has brought this action to collect on a $50,000 promissory note executed by the defendants. The record on summary judgment establishes that the defendants executed the note and that they are in default of the note because they failed to make a payment since July 22, 2002. In it rule 56(h) statement, the plaintiff asserts that the outstanding balance as of June 14, 2004, was $86,475.39.

In opposing the motion at bar, the defendants have raised three distinct arguments. First, they contend that the affidavit underlying the plaintiff's statement of material fact is

1

defective because the affiant does not have personal knowledge of the information set out in that affidavit. The affiant is the plaintiff's account officer, and his affidavit establishes the foundational elements necessary to permit the introduction of the information contained in the business records regarding this transaction. *See* M.R.Civ.P. 803(6).

The defendants also contend that the plaintiff is not entitled to enforce its rights under the note because it failed to give them the notice of right to cure that, they argue, is due to them under 9-A M.R.S.A. § 5-110. In response to this argument, the plaintiff notes that section 5-110 applies only to consumer transactions and that the transaction at issue here is not consumer in nature as evidenced by the defendants' sworn assertion that they own the Mt. Chase Lodge. This assertion is not integrated into any of the parties' rule 56(h) statements, and the court therefore declines to consider it. However, the record does establish that the plaintiff loaned the defendants the principal sum of $50,000. A creditor is required to provide the requisite notice of right to cure pursuant to section 5-110 only in a "consumer credit transaction." 9-A M.R.S.A. § 5-110(1). A "consumer credit transaction" means "a consumer credit sale, consumer lease or consumer loan or a modification thereof. . . ." 9-A M.R.S.A. § 1-301(12). To qualify as one of those types of transactions, the amount involved cannot exceed $25,000. 9-A M.R.S.A. §§ 1-301(11), (13), (14). Because the amount of the instant transaction exceeded that limitation, the transaction at bar is not subject to the requirements of section 5-110.[1]

Finally, the defendants object to the motion for summary judgment because they argue that they have not conducted discovery. The plaintiff has alleged – and has substantiated in its statement of material fact – that the defendants have not made payments toward the note since July 2002. The defendants have not demonstrated why this is not a matter within their knowledge and why they need to conduct discovery on the question of whether they themselves have failed to make those payments as the plaintiff contends. (In their statement of additional material facts, they do not suggest that they

---

[1] The defendants also moved to dismiss the complaint for this reason. "A motion to dismiss tests the legal sufficiency of the complaint." *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994). On a motion to dismiss, the complaint must be examined "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* The complaint does not preclude the possibility of recovery, and so the defendants' motion to dismiss must be denied.

2

made payments that the plaintiff asserts they failed to make.) Therefore, the defendants have not demonstrated cause under rule 56(f) that would warrant deferring a ruling on that part of the motion relating to the plaintiff's claim that they are in default.

The remaining issue is the amount of the defendants' liability. Unlike the fact of the default, the question of how much they owe to the plaintiff is less a matter within their knowledge. The court is satisfied that the defendants should have some opportunity to pursue discovery on this issue. Therefore, the court will deny that part of the plaintiff's motion that seeks an order establishing the amount owed by the defendants. This denial is without prejudice to the plaintiff's right to raise this remaining issue in a second summary judgment motion, should the plaintiff wish to proceed in that way. The plaintiff may not file any such motion for summary judgment sooner than 45 days from the date of this order, thereby providing the defendants with an opportunity to obtain discovery on this issue.

The entry shall be;

The defendants' motion to dismiss is denied.

The plaintiff's motion for summary judgment is granted in part and denied in part. The defendants are deemed to be in default of the promissory note that is the subject of this action, and they are deemed to be liable to the plaintiff on the basis of that default. The court denies without prejudice that part of the plaintiff's motion for summary judgment relating to the amount of the defendants' liability to the plaintiff under the promissory note.

Dated: October 1, 2004

_____
Justice, Maine Superior Court
Jeffrey L. Hjelm

3

THE CADLE COMPANY II INC - PLAINTIFF
100 NORTH CENTER STREET
NEWTON FALLS OH
Attorney for: THE CADLE COMPANY II INC
JAMES AUDIFFRED  - RETAINED 06/10/2004
LAW OFFICE OF JAMES L AUDIFFRED
110 MAIN ST SUITE 1216
PO BOX 1005
SACO ME 04072

SUPERIOR COURT
PENOBSCOT, ss.
Docket No  BANSC-CV-2004-00120

**DOCKET  RECORD**

vs
RICHARD E HILL DBA MT CHASE LODGE  - DEFENDANT
1517 SHIN POND ROAD
MOUNT CHASE ME 04765
Attorney for: RICHARD E HILL DBA MT CHASE LODGE
PATRICK HUNT  - RETAINED 06/10/2004
PO BOX 130
19 SHERMAN STREET
ISLAND FALLS ME 04747

SARA M HILL DBA MT CHASE LODGE  - DEFENDANT
1517 SHIN POND ROAD
MOUNT CHASE ME 04765
Attorney for: SARA M HILL DBA MT CHASE LODGE
PATRICK HUNT  - RETAINED 06/10/2004
PO BOX 130
19 SHERMAN STREET
ISLAND FALLS ME 04747

Filing Document: COMPLAINT
Filing Date: 06/10/2004

Minor Case Type: CONTRACT

## Docket Events:

06/14/2004 FILING DOCUMENT - COMPLAINT FILED ON 06/10/2004
(EXHIBITS A AND B ATTACHED)

06/14/2004 Party(s):  THE CADLE COMPANY II INC
ATTORNEY - RETAINED ENTERED ON 06/10/2004
Plaintiff's Attorney: JAMES AUDIFFRED

06/14/2004 Party(s):  SARA M HILL DBA MT CHASE LODGE
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/26/2004
OFFICER'S RETURN OF SERVICE AS TO DEFENDANT SARA M. HILL.

06/14/2004 Party(s):  SARA M HILL DBA MT CHASE LODGE
SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 06/10/2004
BY PLAINTIFF.

06/14/2004 Party(s):  RICHARD E HILL DBA MT CHASE LODGE
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/26/2004
OFFICER'S RETURN OF SERVICE AS TO DEFENDANT RICHARD E. HILL.

06/14/2004 Party(s):  RICHARD E HILL DBA MT CHASE LODGE, SARA M HILL DBA MT CHASE LODGE
RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 06/10/2004

STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-04-120

FILED & ENTERED
SUPERIOR COURT

MAR 0 3 2005

PENOBSCOT COUNTY

The Cadle Company, II, Inc.,
            Plaintiff

APR 25 2005

                                                        Order

Richard E. Hill et al.,
            Defendants

Several motions are pending before the court. The court has reviewed the parties'
submissions associated with the motions.

The court denies the defendants' motion for summary judgment. In considering a
motion for summary judgment, the court considers only the evidence contained in the
statements of material fact and does not search the record beyond the SMF. *See Gilbert v.
Gilbert*, 2002 ME 67, ¶ 15, 796 A.2d 57, 60-61. Here, the record developed in support of
the defendants' motion suggests only that the defendants did not execute a promissory
note in favor of Home National Bank of Milford Massachusetts on March 7, 1989. The
record on summary judgment discloses nothing about the relationship between any such
note and the claim at bar here. Even if the court were to expand the scope of the record
on summary judgment beyond what the rules and caselaw allow, the record remains
insufficient to issue summary judgment favorable to the defendants. The complaint
alleges that Home National Bank was the original obligee on a note that was transferred
to the plaintiff at bar. However, the request for admission on which the defendants
entirely base their motion for summary judgment is compound: it sets out an event (the
execution of the note) and a date. Because of this, the plaintiff's denial of the request for
admission might mean only that the defendants executed a note in favor of Home
National Bank on some date other than March 7, 1989. This would not entitle the
defendants to judgment. Thus, the court denies their motion.

1

On February 14, 2005, the defendants filed a motion to add "omitted affirmative defenses." Under the June 18, 2004, scheduling order, the presumptive deadline for filing motions to amend the pleadings was October 18, 2004, and the overall discovery deadline is March 1, 2005. The defendants have not explained why the new, proposed affirmative defense could not have been raised earlier in the proceedings. In view of the absence of any claimed justification for the delay, the effect of this new claim on the orderly nature of the pretrial process, and the imminence of the discovery deadline in relation to the date the defendants filed their motion, it is denied.

Finally, the plaintiff has filed a renewed motion for summary judgment. On an earlier motion for summary judgment filed by the plaintiff, the court entered an order of partial summary judgment establishing the defendants' default on the note. However, the court denied entry of an order that would quantify their liability under the note in order to allow them an opportunity to conduct discovery limited to that issue. This order was entered on October 4, 2004. In response to the renewed motion for summary judgment, the defendants again seek a continuance of the matter pursuant to M.R.Civ.P. 56(f).

The court denies that request. The materials submitted by the defendants reveal that after the court issued its order in early October, they made some efforts to obtain information about the history of their payments on the subject loan. The plaintiff provided information about payments that the defendants made to it after it acquired the note in May 1992. The defendants also attempted to obtain information, from the plaintiff, about the specific pre-assignment history of their payments to the original holder of the note, Home National Bank. The plaintiff has made plain that it does not have any such information beyond the amount of the outstanding balance when the plaintiff acquired the note from Home National Bank (*see* plaintiff's statement of material fact, ¶ 4), and the plaintiff has not shown that this information is discoverable through the plaintiff. It bears mention that the plaintiff did provide to the defendants the name of the president of Home National Bank, as only person who, as far as the plaintiff knows, may have information about the defendant's payments to Home National Bank. However, the plaintiff had disclosed the identity of that person as early as September 15, 2004.

2

The defendants' request for a continuance of the plaintiff's renewed motion for summary judgment is not warranted for two reasons. First, they have not demonstrated that information about the specific payment history to Home National Bank is still available. (The plaintiff's statement of material fact indicates that Home National Bank went into receivership under the FDIC and that the FDIC then sold the note to the plaintiff. The fate of Home National Bank is not disclosed in this record.) Second, if that evidence still exists, the defendants have not demonstrated that they have acted with due diligence since October 4, 2004 (or, for that matter, since September 15, 2004, when the plaintiff provided the defendants with the name of a contact person who might have information about the loan account when it was held by Home National Bank) to get that information from a source other than the plaintiff, which, the record shows, simply does not have the information that the defendants still want to obtain. Rather, the defendants have only made repeated attempts to get that information from the plaintiff.

These factors must be considered in light of the defendants' response to the plaintiff' assertions about the amounts it (the plaintiff) claims due. The relevant portions of the defendants' response to plaintiff's statement of material fact, ¶ 4, which addresses the status of the loan when the plaintiff acquired it, rests on portions of the defendants' affidavit stating that they simply do not know how much they owe to the plaintiff. There is no particularized challenge to or denial of the plaintiff's contentions about the amount owed under the note.

Under all these circumstances (including the expiration of the discovery deadline), the court declines to continue the plaintiff's renewed motion for summary judgment. Further, the record on summary judgment does not generate any genuine issues of material fact regarding the amount due under the note, and the plaintiff is entitled to judgment as a matter of law.

The entry shall be:

For the foregoing reasons, the defendants' motion for summary judgment, motion to amend their responsive pleadings and motion to continue the plaintiff's renewed motion for summary judgment are denied.

The plaintiff's renewed motion for summary judgment is granted. Judgment is entered for the plaintiff and against the defendants, jointly and severally, in the principal

3

amount of $27,909.92, plus accrued interest as of December 4, 2004, in the amount of $67,667.25, plus pre-judgment interest accruing from December 4, 2004, at the annual rate of 18%, plus post-judgment interest at the annual rate of 18%, plus its costs of court.

Dated: March 2, 2005

_____
Justice, Maine Superior Court
Jeffrey L. Hjelm

THE CADLE COMPANY II INC - PLAINTIFF
100 NORTH CENTER STREET
NEWTON FALLS OH
Attorney for: THE CADLE COMPANY II INC
JAMES AUDIFFRED  - RETAINED 06/10/2004
LAW OFFICE OF JAMES L AUDIFFRED
374 MAIN STREET
PO BOX 1005
SACO ME 04072


vs
RICHARD E HILL DBA MT CHASE LODGE  - DEFENDANT
1517 SHIN POND ROAD
MOUNT CHASE ME 04765
Attorney for: RICHARD E HILL DBA MT CHASE LODGE
PATRICK HUNT  - RETAINED 06/10/2004
PO BOX 130
19 SHERMAN STREET
ISLAND FALLS ME 04747


SARA M HILL DBA MT CHASE LODGE  - DEFENDANT
1517 SHIN POND ROAD
MOUNT CHASE ME 04765
Attorney for: SARA M HILL DBA MT CHASE LODGE
PATRICK HUNT  - RETAINED 06/10/2004
PO BOX 130
19 SHERMAN STREET
ISLAND FALLS ME 04747

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2004-00120

DOCKET RECORD

Filing Document: COMPLAINT                 Minor Case Type: CONTRACT
Filing Date: 06/10/2004

## Docket Events:

06/14/2004 FILING DOCUMENT - COMPLAINT FILED ON 06/10/2004
           (EXHIBITS A AND B ATTACHED)

06/14/2004 Party(s):  THE CADLE COMPANY II INC
           ATTORNEY - RETAINED ENTERED ON 06/10/2004
           Plaintiff's Attorney: JAMES AUDIFFRED

06/14/2004 Party(s):  SARA M HILL DBA MT CHASE LODGE
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/26/2004
           OFFICER'S RETURN OF SERVICE AS TO DEFENDANT SARA M. HILL.

06/14/2004 Party(s):  SARA M HILL DBA MT CHASE LODGE
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 06/10/2004
           BY PLAINTIFF.

06/14/2004 Party(s):  RICHARD E HILL DBA MT CHASE LODGE
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/26/2004
           OFFICER'S RETURN OF SERVICE AS TO DEFENDANT RICHARD E. HILL.

06/14/2004 Party(s):  RICHARD E HILL DBA MT CHASE LODGE, SARA M HILL DBA MT CHASE LODGE
           RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 06/10/2004