STATE OF MAINE                                          SUPERIOR COURT
PENOBSCOT, SS.                                          CIVIL ACTION
                                                        Docket No. CV-04-245

FILED
SUPERIOR COURT

FEB 01 2006

PENOBSCOT COUNTY

JLH-PEN-

Paul Gagnon,
        Plaintiff

v.                                                      Order (Motion to Dismiss)


Anne Marie Dodwell et al.,
        Defendants


        Pending before the court is the motion to dismiss filed by defendant Wakine G.
Tanous.  The court has reviewed the parties' written arguments on the motion.

        Tanous moves to dismiss Gagnon's claims against him for lack of standing and
for failure to state a claim on which relief can be granted.  "A motion to dismiss tests the
legal sufficiency of the complaint." *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994).  On
a motion to dismiss, the court takes the allegations to be true.  *In re Wage Payment
Litigation*, 2000 ME 162, ¶ 3, 752 A.2d 217, 220.  From this starting point, the complaint
then is examined "in the light most favorable to the plaintiff to determine whether it sets
forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief
pursuant to some legal theory." *McAfee*, 637 A.2d at 465.  A dismissal is proper "only
when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts
that he might prove in support of his claim." *Hall v. Board of Environmental Protection*,
498 A.2d 260, 266 (Me. 1985).

        Here, Paul Gagnon alleges that in late July 2004, his father, Everett Gagnon,
executed a deed that Tanous drafted.  The terms of the deed would have conveyed two
parcels of property to Everett Gagnon and to Paul Gagnon in joint tenancy.  Paul Gagnon
alleges that his father also intended to convey a third parcel in the same deed but that
Tanous negligently omitted any such conveyance from the deed.  Paul Gagnon also
alleges that Tanous has wrongfully refused to record the deed that Everett did execute.


                                          1

Everett Gagnon died in mid-August. Under Everett's will, Everett's seven children, including the plaintiff, are equal beneficiaries of the estate.

In his complaint, Paul Gagnon seeks a declaratory judgment that he owns the two parcels that were the subject of the deed. He also seeks reformation of the deed to include the third parcel, which Paul Gagnon alleges was negligently omitted. He further seeks injunctive relief against Tanous that would require Tanous to record the deed, and he seeks money damages from Tanous for negligence arising from the attempted conveyance.

Relying on *Nevin v. Union Trust Co.*, 1999 ME 47, 726 A.2d 694, Tanous argues here that Paul Gagnon does not have standing to pursue claims against him and that any alleged wrongful conduct attributable to Tanous does not provide a basis for Paul Gagnon to secure relief. In *Nevin*, a professional negligence claim was asserted against an attorney based on his management of a corporation that was created for estate-planning purposes. The plaintiffs in that action were beneficiaries of the estate that was affected by the alleged malpractice. The Law Court held that "individual beneficiaries do not have standing to sue estate planning attorneys for malpractice when they are not the client who retained the attorney and when the estate is represented by a personal representative who stands in the shoes of the client." 1999 ME 47, ¶ 41, 726 A.2d at 701.

Here, although Paul Gagnon acknowledges that he was not Tanous' client, the transaction at issue was an intervivos conveyance. Unlike the action in *Nevin*, Paul Gagnon's claim against Tanous is not that of the estate. The basis for the holding in *Nevin* is that the claim properly belonged to the estate and that the individual beneficiaries should not be entitled to pursue it. Otherwise, as the Court noted, a respondent would face multiple and possibly differing claims because of the various interests that the individual beneficiaries might have. 1999 ME 47, ¶ 41, 726 A.2d at 701. In such an instance, the personal representative of the estate is the person with standing and is the proper claimant.

Here, on the other hand, Paul Gagnon's claim against Tanous is *adverse* to the interests of the other beneficiaries to Everett Gagnon's estate, because if he prevails on his claim, then title to several assets (namely, two or three parcels of land) would transfer

2

to him in his capacity as a joint tenant with Everett. Thus, the PR of Everett's estate certainly is not the proper claimant for Paul Gagnon's causes of action.

As Paul Gagnon alleges the circumstances of the July 2004 transaction, Tanous' role was to effect Everett's intention to create in Paul Gagnon a property interest in three parcels in a way that would bypass the probate process and exclude Paul Gagnon's siblings as recipients of any interest in that property. Consequently, as a more general matter, although Paul Gagnon was not Tanous' client, Tanous arguably owed Paul Gagnon a duty of care because Tanous knew that Everett (the client) intended to benefit Paul Gagnon (the non-client) through those legal services; Tanous' obligations to Everett would not be compromised by the existence of a duty to Paul Gagnon; and the absence of any duty owed to Paul Gagnon would make it unlikely that Tanous' obligations to Everett could be fulfilled. These factors generate a duty of care owed by an attorney to a non-client. *See* RESTATEMENT OF THE LAW GOVERNING LAWYERS § 51(3) (2000).

Therefore, Paul Gagnon's allegations are sufficient to present a basis for relief against Tanous because the resulting claims invoke a duty of care that Tanous owed to him, and because those claims are not foreclosed under *Nevin.*

The entry shall be:

For the foregoing reasons, the court denies the motion to dismiss filed by defendant Wakine G. Tanous.

Dated: January 31, 2006

Justice, Maine Superior Court
Jeffrey L. Hjelm

3