STATE OF MAINE                                          SUPERIOR COURT
AROOSTOOK,ss                                            CIVIL ACTION
                                                        DOCKET NO. CARSC-AP-16-06
                                                                  HOUSC-RE

US BANK NATIONAL                    )
ASSOCIATION                         )
        PLAINTIFF                   )
                                    )
VS.                                 )          DECISION AND ORDER
                                    )          ON PLAINTIFF'S MOTION
                                    )              TO DISMISS
                                    )
                                    )
                                    )
                                    )
                                    )
CHRISTOPHER L. HARTIN               )
                                    )


US Bank National Association, Plaintiff, has filed a motion to dismiss Defendant's counterclaim pursuant to M.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff has initiated a foreclosure action against the Defendant on a  residential mortgage. Defendant timely filed an answer with affirmative defenses, and also filed a counterclaim. Defendant's counterclaim alleges Plaintiff violated Title 9-A, M.R.S.A. Section 3-311, specifically that Defendant was denied his choice for an attorney.


## STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of the complaint. M.R.Civ.P. 12(b)(6).McAfee v. Cole, 637 A.2d 463, 465(Me. 1994). Dismissal is in order when it appears "beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." Id.


## DISCUSSION

Title 9-A, M.R.S.A. Section 3-311 does not give consumers the right to bring a private action. Rather, section 5-201(1) gives consumers rights for private actions. But the right to selection of an attorney pursuant to section 3-311 is not one of the provisions listed in section 5-201.

Setting aside for the moment that there is no right of private action, it is important to recall the purpose of section 3-311. Section 3-311 simply provides the right of a consumer of a residential mortgage to select an attorney to perform the *title* work. If the right of selection is not exercised, the mortgage lender will select an attorney to perform the title work. Nothing is section 3-311 restricts a consumer from also exercising his right to have an attorney represent him through the transaction regarding *non-title* issues. That said, there is nothing in the complaint, answer or counterclaim that raises an issue regarding defects or problems with the title to the property owned by the defendant and subject of the mortgage. Hence, even were there a private right of action for violation of section 3-311, defendant has not alleged or shown in the pleadings any damages or harm.

In his memorandum of opposition, Defendant asserts "... the actual damages suffered by Mr. Hartin are the loss of his house and an impairment to his credit." But those damages, not only are not alleged in his counterclaim, but are in no way related to section 3-311 and the selection of a *title* attorney.

Defendant also asserts in his motion of opposition that he was bullied into selecting an attorney not of his choice and bullied into refinancing his house. Again, no such assertions are set forth in Defendant's counterclaim. Defendant did however sign a disclosure regarding selection of title services checking off the box "I do not wish to exercise my right to select an attorney." The disclosure form made it clear the Defendant had a right to select an attorney to review the title, consistent with section 3-311. But again, the disclosure only addressed the right to selection of a *title* attorney. Defendant always had the right to select, hire or retain an attorney to counsel him on *non-title* issues.

Finally, the court finds that if section 3-311 did provide a private right of action, it would not be an action to enforce a contract or liability under seal. Therefore, the six year statute of limitations pursuant to Title 14, M.R.S.A. Section 752 would be applicable(if a private right of action existed).

For the foregoing reasons, Plaintiff's motion to dismiss the Defendant's counterclaim is granted.

Dated: November 2, 2016

Justice, Superior Court