Mev

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-333

ATTORNEY GENERAL, STATE OF )
MAINE, )
)
Plaintiff )
)
v. )
)
JOHN J. SANFORD and JOHN P.M. )
HIGGINS, individually and in their )
capacities as Co-Trustees of the Richard )
C. Paine, Jr. Automobile Collection )
Charitable Trust, )
)
Defendants. )

ORDER ON PLAINTIFF'S MOTION
TO DISMISS COUNTERCLAIM

STATE OF MAINE
Cumberland ss Clerk's Office

JAN 16 2018 10:33AM

RECEIVED

I.    Background

Before the Court is Plaintiff/Counterclaim Defendant's ("the Attorney General") motion to dismiss Defendants/Counterclaim Plaintiffs' ("the Trustees") counterclaim pursuant to M.R. Civ. P. 12(b)(6). In brief, the Attorney General has brought a complaint against the Trustees individually and in their capacities as co-trustees of the Richard C. Paine, Jr. Automobile Collection Charitable Trust, alleging self-dealing by Trustee Sanford, excessive fees paid to both Trustees, and wasting of charitable assets by both Trustees. In conjunction with their answer to the Attorney General's first amended complaint, the Trustees filed a counterclaim for declaratory relief. The Trustees generally seek a declaration that they have engaged in no unlawful activity or wrongdoing with respect to their administration of the trust. The Attorney General then filed the motion to dismiss currently under review, seeking to dismiss the Trustees' counterclaim.

II.   Standard of Review

"A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the [counterclaim]." *Seacoast Hangar Condo. II Ass'n v. Martel*, 2001 ME 112, ¶ 16, 775 A.2d 1166

1 of 3

AG–Linda Conti AAG
Def Sanford–James Bowie, Esq./
George Dilworth, Esq.
Def Higgins–George Dilworth, Esq./
Gerald Petruccelli, Esq.

(*quoting New Orleans Tanker Corp. v. Dep't of Transp.*, 1999 ME 67, ¶ 3, 728 A.2d 673). When the court reviews a motion to dismiss, "the [counterclaim] is examined 'in the light most favorable to the [counterclaim] plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the [counterclaim] plaintiff to relief pursuant to some legal theory.'" *Lalonde v. Cent. Me. Med. Ctr.*, 2017 ME 22, ¶ 11, 155 A.3d 426 (*quoting Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43). Allegations in the counterclaim are deemed true, and "dismissal should only occur when it appears 'beyond doubt that a [counterclaim] plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" *Moody*, 2004 ME 20, ¶ 7, 843 A.2d 43 (*quoting McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994)).

III.    Discussion

The Attorney General proffers two arguments in support of its motion: 1. the counterclaim is improper because the issues it seeks to litigate are duplicative of the issues the Attorney General seeks to litigate in its complaint, and 2. the counterclaim's request for declaratory judgment does not present a justiciable controversy. These arguments are without merit.

Regarding the Attorney General's first argument, the fact that the relief sought in the counterclaim essentially mirrors the relief sought in the Attorney General's complaint does not mean the Trustees have failed to state a claim upon which relief may be granted. It is not unusual for a counterclaim to request a declaratory judgment that directly counters the plaintiff's claim. *See, e.g., Citizens Ins. Co. of Am. v. Phoenix Bay State Constr. Co.*, No. CV-17-97, 2017 WL 5514624 (Me. Super. Oct. 4, 2017); *Hazen v. Hazen*, No. CV-15-438, 2017 WL 3537058 (Me. Super. Jun. 13, 2017). As the Trustees note, because their counterclaim is simply the inverse of the Attorney General's claims, if the counterclaim does not present a cognizable claim, it would be logical to conclude that the Attorney General's claim is likewise not cognizable. Furthermore,

even if there were any merit in the argument that a duplicative counterclaim should not be entertained by this Court, it is inescapable that a judgment finding the Attorney General did not prove its case against the Trustees is appreciably different from a judgment that affirmatively finds the Trustees have engaged in no wrongdoing. The duplicative nature of the counterclaim is not a proper basis for dismissal.

As to the Attorney General's second argument, the counterclaim is justiciable because the Maine Declaratory Judgments Act clearly provides a statutory basis under which the Trustees may seek relief. As is relevant to this litigation, the Act provides:

> Any person interested as … trustee … in the administration of a trust … may have a declaration of rights or legal relations in respect thereto:
>
> …
>
> 2. To direct the … trustees to do or abstain from doing *any* particular act in their fiduciary capacity; or
>
> 3. To determine *any* question arising in the administration of the … trust….

14 M.R.S. § 5956(2)-(3) (emphasis added). This section plainly grants the Court broad authority to issue declarations that will resolve controversies related to the administration of a trust. Each declaration sought by Defendants concerns their rights and obligations with respect to their roles as trustees, and the Court finds no basis for determining that any portion of Defendants' requested relief does not fall within the ambit of Section 5956.

IV.    Conclusion

For the foregoing reasons, the motion to dismiss is DENIED. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: _____1/16/18_____

_____
Lance E. Walker, Justice
Maine Superior Court