STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 2022-09

SETH THOMAS CAREY

v.                                                    ORDER

SECRETARY OF STATE *et. al.*

Plaintiff have filed a multi count Complaint against the Secretary of State, the Board of Bar Overseers and the Maine Republican Party and Jason Savage. Before the court are the Defendants' Motions to Dismiss and the Plaintiff's request for a default. The Defendants' motions are granted.

"A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the [counterclaim]." *Seacoast Hangar Condo. II Ass'n v. Martel*, 2001 ME 112, ¶ 16, 775 A.2d 1166 (quoting *New Orleans Tanker Corp, v. Dep't of Transp.*, 1999 ME 67, ¶ 3, 728 A.2d 673). When the court reviews a motion to dismiss, "the [counterclaim] is examined 'in the light most favorable to the [counterclaim] plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the [counterclaim] plaintiff to relief pursuant to some legal theory.'" *Lalonde v. Cent. Me. Med. Ctr.*, 2017 ME 22, ¶ 11, 155 A.3d 426. Allegations in the counterclaim are deemed true for the purposes of deciding a motion to dismiss. *Id.* "A dismissal should only occur when it appears beyond doubt that a [counterclaim] plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43 (quoting *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994)) (internal quotations omitted).

1

## A. **The claim against the Board of Bar Overseers.**

The Complaint asks this court to restore Carey's license to practice law. His license was suspended in accordance with the Maine Bar Rules. *BBO v. Carey,* BAR 18-04, 16-15 (Dec 20, 2018), pp. 17,18, (Warren, J.) *affirmed BBO v. Carey,* 2019 ME 136 (hereinafter "Bar Order). Maine Bar Rule clearly spells out the method by which an attorney may seek reinstatement. After a hearing, the Grievance Commission issues a report to the clerk of the Law Court. Me. Bar R. 29(g). The Law Court then has authority to decide whether to reinstate the attorney. *Id.* 29(h). This court has no authority to reinstate Carey's license to practice law. Therefore, this court cannot grant relief and the claim fails to state a claim upon which relief may be granted. This claim is dismissed.

## B. **The claim against the Secretary of State.**

The claim against the Secretary of State arises out of the Secretary's decision not to include Carey on the ballot for the June 2022 Republican primary for the Androscoggin County District Attorney. By statute, an attorney suspended from the practice of law is not qualified to be a district attorney. 30-A MRSA § 251(2). Maine election law required that Carey be able to certify both that he was a member of the party in whose primary he sought to run and that he was qualified to serve as a District Attorney. 21-A MRSA § 335(8), 336. By statute, he is not qualified to serve as District Attorney. He failed to certify he was a member of the Republican party. The Secretary's decision was correct as a matter of law.

Carey argues that Section 251(2) is unconstitutional as an *ex post facto* law. The constitutional provisions directed at *ex post facto* apply to statutes that are criminal, not civil. Specifically,

> a statute violates the prohibition against ex post facto laws if it: (1) punishes as criminal an act that was not criminal when done, (2) makes more burdensome the punishment for

2

a crime after it has been committed, or (3) deprives the defendant of a defense that was available according to law at the time the act was committed.

*State v. Proctor*, 2020 ME 107, P14.

A statute regulating the qualifications of the District Attorney is facially civil. Furthermore, applying the factors that the Law Court adopted in *State v. Letalian,* the statute is not so punitive as to render it penal in nature. 2009 ME 130, P 31, citing *Kennedy v. Mendoza-Martinez,* 372 US 144, 168-69 (1963).

The statute is constitutional and the Secretary's interpretation was correct as a matter of law. For these reasons, the claims seeking remedies against the Secretary are dismissed.

## C. **The claim against Jason Savage and the Republican Party.**

The Complaint alleges conduct by the Jason Savage and the Party that, if true, constituted an effort to oppose Carey in the 2018 Republican primary. Carey also alleges that the Party supported the 2019 changes to the statute tightening the District Attorney qualifications to bar suspended attorneys from qualifying. The Complaint cites no cause of action, however, under which the Party could be liable for any of this conduct.

The Complaint seeks no remedy against Jason Savage. It asks the Party to "restore his rights," but provides no description of what rights Carey is entitled to and for which he seeks relief. Because the Complaint neither sets forth the elements of any cause of action against the Party nor identifies any legal theory that warrants any source of relief, the claims against Jason Savage and the Party are dismissed.

## D. **Default Requests.**

The default requests were on the grounds that the Defendants "had not filed an Answer within 20 days." All of the Defendants were served on March 1 and filed timely Motions to Dismiss with the court. The Defendants pled, appeared and defended. Therefore, the court

3

cannot default the Defendants on the basis requested. M.R.Civ.P. 55(a)(clerk's entry of default when defendant has "failed to plead or otherwise defend.") The requests for default are denied.

E. *Spickler Order*

By court order, Plaintiff Seth Carey must send any Complaint that he files on his own behalf for screening by the court to determine whether the Complaint is frivolous or vexatious. *BBO v. Carey,* BAR 18-04, 16-15 (Dec 20, 2018), pp. 17,18, *affirmed BBO v. Carey*, 2019 ME 136. The need for screening is to make sure this Plaintiff has some oversight. The Order also bars Plaintiff from working as a paralegal for his father, Attorney Thomas Carey. *Id.* p. 15. The reason is that a father cannot practically monitor his son. *Id.* p. 15, n. 8.

In court orders in an earlier case, Order, *Seth Carey v. Town of Rumford*, Ox. Cty Sup. Ct. Docket AP 20-01 (June 8, 2020), and an earlier order in this case, the court raised the concern that cases, like this case, in which Thomas Carey files on behalf of Seth Carey are prepared and pursued by Seth Carey, circumventing the Order. Seth Carey admitted preparing the documents in this case. *In re Petition for Reinstatement of Seth Carey,* Report of Findings and Recommendations, Grievance Commission Panel E. BAR 22-001, p. 12 (April 22, 2022).

The Complaint filed in this case confirmed the need to extend the oversight, in the event the Bar Order does not already require it, to cases filed by Thomas E Carey on behalf of Seth Carey. Therefore, applying the court's authority as described in *Spickler v. Key Bank of S Maine,* 631 A.2d 204, 207 (Me. 1994),     any Complaint filed by Thomas S. Carey on behalf of Seth Carey must be submitted to the clerk for screening by the court prior to service.

Any additional relief requested by either party is denied.

The Entry is:

Plaintiff's Request for a Default is DENIED.

4

Plaintiff's Complaint is DISMISSED in full.

Plaintiff has been previously ordered to submit any Complaint that he files on his behalf to the clerk for review by the court to determine if that Complaint is frivolous or vexatious prior to service of that Complaint. By Order of this court, any future Complaint filed by Thomas Carey, in which his son Seth Carey is the Plaintiff, must also be submitted to the Court for review.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: _May 10, 2022_

_____

Thomas R. McKeon
Justice, Maine Superior Court

SETH THOMAS CAREY - PLAINTIFF
1746 U S ROUTE 2
RUMFORD ME 04276
Attorney for: SETH THOMAS CAREY
→ THOMAS S CAREY - RETAINED
CAREY & ASSOCIATES PA
228 ISTHMUS ROAD
RUMFORD ME 04276

SUPERIOR COURT
OXFORD, ss.
Docket No  SOPSC-CV-2022-00009


**DOCKET RECORD**

vs
BOARD OF OVERSEERS - DEFENDANT     *BOA*
P O BOX 527
AUGUSTA ME 04333
Attorney for: BOARD OF OVERSEERS
→ JONATHAN R BOLTON - RETAINED 03/04/2022
ATTORNEY GENERAL OFFICE OF AG     *A. Bolton*
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

→ Attorney for: MAINE REPUBLICAN PARTY
JOSHUA A TARDY - RETAINED 03/16/2022
RUDMAN & WINCHELL     *Republican*
PO BOX 1401
84 HARLOW STREET
BANGOR ME 04402-1401 *J. Tardy*

→ Attorney for: MAINE REPUBLICAN PARTY
ALLISON A ECONOMY - RETAINED 03/16/2022
RUDMAN & WINCHELL     *Republican*
PO BOX 1401
84 HARLOW STREET     *A. Economy*
BANGOR ME 04402-1401

JASON SAVAGE - DEFENDANT
9 HIGGINS ST
AUGUSTA ME 04330     *Savage*
Attorney for: JASON SAVAGE
→ JOSHUA A TARDY - RETAINED 03/16/2022
RUDMAN & WINCHELL     *J. Tardy*
PO BOX 1401
84 HARLOW STREET
BANGOR ME 04402-1401

Attorney for: JASON SAVAGE
ALLISON A ECONOMY   - RETAINED 03/16/2022
RUDMAN & WINCHELL
PO BOX 1401
84 HARLOW STREET
BANGOR ME 04402-1401

*Savage*

*E. Economy*

SECRETARY OF STATE  - DEFENDANT
148 STATE HOUSE STATION
AUGUSTA ME 04333

*Sec State*

Attorney for: SECRETARY OF STATE
JONATHAN R BOLTON  - APPOINTED 03/04/2022
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

*J. Bolton*

Filing Document: COMPLAINT
Filing Date: 02/28/2022

Minor Case Type: DECLARATORY JUDGMENT

## Docket Events:

03/01/2022 FILING DOCUMENT - COMPLAINT FILED ON 02/28/2022

03/01/2022 Party(s):  SETH THOMAS CAREY
            ATTORNEY - RETAINED ENTERED ON 02/28/2022
            Plaintiff's Attorney: THOMAS S CAREY

03/02/2022 Party(s):  SETH THOMAS CAREY
            MOTION - TEMP RESTRAINING ORDER FILED ON 02/28/2022
            (AS PART OF COMPLAINT)

03/07/2022 Party(s):  SECRETARY OF STATE,BOARD OF OVERSEERS
            OTHER FILING - ENTRY OF APPEARANCE FILED ON 03/04/2022

03/07/2022 Party(s):  BOARD OF OVERSEERS
            ATTORNEY - RETAINED ENTERED ON 03/04/2022
            Defendant's Attorney: JONATHAN R BOLTON

            Party(s):  MAINE REPUBLICAN PARTY
            ATTORNEY - RETAINED ENTERED ON 03/04/2022
            Defendant's Attorney: JONATHAN R BOLTON

03/08/2022 Party(s):  SECRETARY OF STATE
            SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 03/01/2022

03/08/2022 Party(s):  SECRETARY OF STATE
            SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 03/07/2022

03/08/2022 Party(s):  BOARD OF OVERSEERS
            SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 03/01/2022

03/08/2022 Party(s):  MAINE REPUBLICAN PARTY
            SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 03/01/2022



*CHSI names attached.*

Printed on: 04/26/2022