STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
LOCATION: PORTLAND
CIVIL ACTION
DOCKET NO. CV-2023-315

ATSUSHI TAMAKI,
      Plaintiff,

v.

ROBERT A. LEVINE,
      Defendant.

)
)
)
)
)
)
)
)
)

ORDER GRANTING
DEFENDANT'S MOTION
(M. R. Civ. P. 12(b)(6).)

Before the Court is Defendant Robert A. Levine's ("Defendant") Motion brought pursuant to Maine Rule of Civil Procedure ("M.R. Civ. P.") 12(b)(6), seeking dismissal with prejudice for failing to state a claim. For the reasons set forth herein, Defendant's motion is GRANTED.

## FACTUAL BACKGROUND

On August 1, 2023, Plaintiff Atsushi Tamaki ("Plaintiff") brought a complaint in the Cumberland County Superior Court alleging that Defendant is a "thug lawyer, pushing e into further psychological distress and attempting to extort money from me." (Compl. ¶ 2.) Proof of Service was received by the court on November 22, 203. Defendant filed an answer on November 6, 2023 and the present Motion to Dismiss on November 6, 2023 with a revised Motion to Dismiss filed on November 8, 2023. No opposition to the motion to dismiss was filed by Plaintiff.

## DISCUSSION

A motion under M.R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted "tests the legal sufficiency of

**Plaintiff-Atsushi Tamaki Pro Se**
**Defendant-Robert Levine, Esq.**

1

REC'D CUMB CLERKS OFC
JAN 10 '24 AM8:43

the claim." *Seacoast Hangar Condo. II Ass'n v. Martel*, 2001 ME 112, ¶ 16, 775 A.2d 1166 (quoting *New Orleans Tanker Corp, v. Dep't of Transp.*, 1999 ME 67, ¶ 3, 728 A.2d 673). When the court reviews a motion to dismiss, "the claim is examined 'in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Lalonde v. Cent. Me. Med. Ctr.*, 2017 ME 22, ¶ 11, 155 A.3d 426, *quoting Moody v. State Liquor & Lottery Comm'n*, 2004 MR 20, ¶7, 843 A.2d 43.

Allegations in the complaint are deemed true for the purposes of deciding a motion to dismiss. *Id.* "A dismissal should only occur when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43 (quoting *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994)) (internal quotations omitted).

Defendant argues that the complaint fails to state a claim upon which relief can be granted. The Court agrees. Plaintiff's "complaint letter" does not allege a cause of action or may a pray for any relief. Accordingly, Defendant's Rule 12(b)(6) Motion to Dismiss is Granted.

**Entry is:** Defendant's Motion to Dismiss is Granted.

The Clerk shall incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Dated:    January 9, 2024

Deborah P. Cashman
Justice, Maine Superior Court

Entered on the Docket: 01|16|2024    2