Shawn GAGNE, et al., Plaintiffs

v.

D.E. JONSEN, INC., et al., Defendants

No. 03–223–P–C.

United States District Court,
D. Maine.

Dec. 31, 2003.

Jerome J. Gamache, Ainsworth & Thelin, Robert M. Raftice, Jr., Ainsworth & Thelin, South Portland, ME, for Shawn Gagne, Michilynn Gagne, Plaintiffs.

David L. Herzer, Jr., Norman, Hanson & Detroy, Portland, ME, for D. E. Jonsen Inc., Charles Morris, Jr., Defendants.

### MEMORANDUM DECISION ON PLAINTIFFS' MOTION TO AMEND COMPLAINT

DAVID M. COHEN, United States Magistrate Judge.

The plaintiffs, Shawn Gagne and Michilynn Gagne, move to amend their complaint to add two counts and a claim for punitive damages. I grant the motion in part.

The plaintiffs' motion is timely, having been filed on the last day permitted under the court's scheduling order for amendment of the pleadings. Scheduling Order (Docket No. 5) at 1; Docket. The defendants object to the addition of claims for negligent entrustment, spoliation of evidence and punitive damages, contending that those proposed amendments would be futile. Defendants' Opposition, In Part, to Plainitffs' [sic] Motion to Amend Complaint ("Opposition") (Docket No. 7) at 1–2.

The plaintiffs have not submitted a reply to the defendants' opposition.

The initial complaint alleges negligence and loss of consortium against the individual defendant and his employer, the corporate defendant, arising out of a vehicular accident that occurred on July 2, 2001. [Complaint] (Docket No. 1) ¶¶ 3, 6–7, 13–14, 17. The proposed amended complaint, attached to Plaintiff's Motion to Amend Complaint, etc. (Docket No. 6), adds counts entitled "Vicarious Liability/Respondeat Superior" (Count IV) and "Regulatory Violation/Spoliation" (Count V), and seeks for the first time punitive damages as well. The defendant characterizes a portion of the proposed Count IV as raising a claim for negligent entrustment, and that characterization appears to be correct. Proposed Amended Complaint ¶ 23.

Fed.R.Civ.P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." This directive is tempered by the principle that leave to make proposed amendments that would be futile may be denied. *Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir.1996). " 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* at 623. In reviewing for futility, the court applies the same standards that are applied to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Id.* "In ruling on a motion to dismiss [under Rule 12(b)(6) ], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir.2001). The defendants are entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d

83, 87 (1st Cir.2001); *see also Wall v. Dion*, 257 F.Supp.2d 316, 318 (D.Me.2003).

■ The defendants contend that pleading a claim for negligent entrustment of a motor vehicle under Maine law requires factual elements not included in the proposed amended complaint. Opposition at 6–7. Contrary to the defendants' argument, none of the case law they cite limits the availability of claims for negligent entrustment of a motor vehicle under Maine law. The fact that there are three Maine statutes imposing joint and several liability for entrustment of vehicles to certain drivers who cause injury, 29–A M.R.S.A. §§ 1651–53, does not mean that those are the only circumstances in which claims based on entrustment of a motor vehicle may be maintained. Indeed, two of the three statutes are not concerned with negligence at all, instead imposing strict liability, 29–A M.R.S.A. §§ 1651–52, and the third specifically preserves common law causes of action, 29–A M.R.S.A. § 1653(2). The defendants, Opposition at 6, place far too much weight on the statement of the Law Court in *York v. Day's, Inc.*, 153 Me. 441, 444, 140 A.2d 730 (1958), to the effect that the statutory predecessor of 29–A M.R.S.A. § 1651, which imposes joint and several liability for resulting injuries on the owner of a vehicle who allows a minor to drive his or her vehicle, "is in derogation of common law." The statute does not require that the entrustment at issue be negligent, and it is that provision that is most likely to have been in derogation of common law, not the imposition of any liability on the owner at all. The construction proposed by the defendants is inconsistent with the express preservation of common-law causes of action set forth in section 1653(2). The Law Court suggests in *Feeney v. Hanover Ins. Co.*, 711 A.2d 1296, 1300 n. 10 (Me.1998), that a cause of action for negligent entrustment of a motor vehicle exists independent of any allegation within the parameters of the statutory causes of action. The Maine Superior Court has allowed a claim of negligent entrustment similar to that presented here, and without any facts implicating the elements of the statutes at issue, to proceed. *Barnes v. Lee*, 2003 WL 1666449 (Me.Super.Feb.19, 2003), at *1–*2, *6. The proposed addition of a claim for negligent entrustment would not be a futile amendment, and the motion for leave to amend should be granted as to this claim.

■ The defendants next contend that Maine does not recognize a cause of action for spoliation of evidence and that the proposed addition of such a claim must therefore be denied. Opposition at 7–8. The Maine Law Court has apparently never recognized such a cause of action. *Butler v. Mooers*, 2001 WL 1708836 (Me.Super. June 13, 2001), at *1. The proposed Count V does not allege all of the elements of such a claim as it is recognized in other jurisdictions, *id.;* Proposed Amended Complaint ¶¶ 25–31. *See Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988) (complaint must set forth factual allegations regarding each material element of theory of recovery). In addition, this court has identified spoliation as a doctrine intended "to rectify any prejudice the non-offending party may have suffered as a result of the loss of evidence and to deter any future conduct, particularly deliberate conduct, leading to such loss of evidence." *Driggin v. American Sec. Alarm Co.*, 141 F.Supp.2d 113, 120 (D.Me.2000) (citation and internal quotation marks omitted). The remedy for spoliation of evidence is sanctions, including "dismissal of the case, the exclusion of evidence, or a jury instruction on the spoliation inference." *Id.* (citation and internal quotation marks omitted). This view of the doctrine is not consistent with the existence of an independent cause

of action arising out of such deliberate conduct. Rather, the injured party may seek sanctions that will affect its claims or defenses. *See, e.g., Pelletier v. Magnusson,* 195 F.Supp.2d 214, 233–37 (D.Me. 2002); *Elwell v. Conair, Inc.,* 145 F.Supp.2d 79, 87–88 (D.Me.2001). I conclude that the plaintiffs' assertion of a cause of action for spoliation of evidence would be futile and the motion to amend should be denied with respect to that claim.

■ Finally, the defendants argue that the proposed amended complaint fails to state a claim for punitive damages. Opposition at 3–5. The plaintiffs seek punitive damages "for Defendant D.E. Jonsen, Inc.'s vicarious liability for its willful, wanton and intentional authorization of Charles Morris, Jr.'s operation of a tractor trailer for its benefit" and for Jonsen's "willful, wanton, intentional and deliberate destruction and spoliation of motor carrier records . . . ." Proposed Amended Complaint ¶¶ 24, 31. The second demand is precluded by my decision that the claim for spoliation of evidence may not proceed as an independent cause of action. The first demand is limited by its terms to a claim for vicarious, rather than direct, liability. The defendants assert, without citation to authority, that punitive damages are not available on vicarious liability claims. Opposition at 3–4. That is not the law in Maine or in the First Circuit. *Romano v. U–Haul Int'l,* 233 F.3d 655, 669 (1st Cir.2000) ("Common law limits vicarious liability for punitive damages through agency principles."); *Forum Fin. Group v. President & Fellows of Harvard College,* 2002 WL 31175454 (D.Me. Sept.30, 2002), at *20. The negligence claims asserted in Count IV of the proposed amended complaint arise under state law. Punitive damages are available on common-law claims in Maine only when there is evi-

dence of express malice, "where the defendant's tortious conduct is motivated by ill will toward the plaintiff," or of implied malice, "where deliberate conduct by the defendant, although motivated by something other than ill will toward any particular party, is so outrageous that malice toward a person injured as a result of that conduct can be implied." *Tuttle v. Raymond,* 494 A.2d 1353, 1361 (Me.1985).

■ The proposed amended complaint cannot reasonably be construed to allege express malice toward the plaintiffs. Specifically, the proposed amended complaint alleges that Morris was operating Jonsen's vehicle "at approximately 50 m.p.h., well in excess of the Toll Plaza posted speed limit;" that Morris was "unqualified as a Class–A driver to operate an 18–wheeler in any state other than the State of Ohio;" that Morris was acting within the scope of his employment by Jonsen at all relevant times; that Jonsen "negligently failed to train/supervise" Morris and that Morris "failed to properly maintain his logbook, was operating an over-length trailer . . ., was unqualified to operate a tractor trailer outside of the State of Ohio, was transporting an unauthorized passenger, and was in violation of other Federal Motor Carrier safety regulations;" and that Jonson "negligently entrust[ed] its tractor trailer" to Morris. Proposed Amended Complaint ¶¶ 8–9, 21–23. None of these allegations can reasonably be construed to rise to the level of implied malice under *Tuttle,* in which the Law Court found that the following evidence "clearly is not" sufficient to support an award of punitive damages: a car driven by the defendant struck the car in which the plaintiff was a passenger with sufficient force to shear the plaintiff's vehicle in half after the defendant went through a red light at an excessive speed. 494 A.2d at 1354, 1362. I conclude that the proposed addition of a claim for puni-

tive damages on the plaintiffs' vicarious liability claim would be futile under the circumstances and the motion to amend should accordingly be denied as to that portion of the proposed amendment.

## Conclusion

For the foregoing reasons, the plaintiffs' motion to amend their complaint is **DE-NIED** as to any claims for spoliation of evidence and for punitive damages and otherwise **GRANTED**. Counsel for the plaintiffs may file an amended complaint revised in accordance with this ruling no later than ten days from the date of this opinion.