STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2009 MAR 11 P 3: 14

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-08-457

PEDRO E. SANTIAGO
      Plaintiff

v.

PETER ADAMEN
LOU WOOD
ANDREW STILSON
DARREL MOTICE
CARL SIMPSON
KRAIG MASON
JACK WADE, and
MIKE JONES
      Defendants

ORDER ON ALL
PENDING MOTIONS

Before the Court is Plaintiff's Motion to Amend the Complaint pursuant to M.R. Civ. P. 15(a).[1] Also before the Court are Defendants Kraig Mason and Lou Wood's Motions to Dismiss pursuant to M.R. Civ. P. 12(b)(6). Also pending is Plaintiff's Motion to Dismiss/Withdraw the Complaint against Defendant Darrel Motice and Defendant Andrew Stilson[2] pursuant to M.R. Civ. P. 41(a)(2).

## PROCEDURAL HISTORY

On August 21, 2008,[3] Plaintiff Pedro Santiago (hereinafter "Plaintiff" or "Santiago") filed a Complaint against eight individual defendants. Only Defendants Andrew Stilson, Darrel Motice, and Carl Simpson filed Answers to the Complaint. From the record it appears that Defendant Peter Adamen was served with process, but he has not yet filed an Answer. Jack Wade and Mike Jones were not served with process.

---

[1] On November 20, 2008, Plaintiff filed a "Motion to Supplement and Clarify the Complaint." Subsequently, on January 12, 2009, Plaintiff filed a "Motion to Amend the Complaint." These two motions present the same request for relief and therefore are considered together.

[2] Plaintiff incorrectly identifies Defendant Stilson as Defendant "Stinson" in his Rule 41(a)(2) motion.

[3] The Complaint states that it was docketed on "2009-Aug-21." This is a typographical error and it should read "2008-Aug-21."

## FACTUAL BACKGROUND

Plaintiff is presently incarcerated at the Maine State Prison and is serving a sentence for the murder of Josh Dyer ("Dyer"). This case arises out of the loss of surveillance images from two security cameras that allegedly captured the altercation between Santiago and Dyer.

The following individuals are named defendants. Defendant Peter Adamen was an employee of the Old Nissen Bakery through A&M Partners. Defendant Lou Wood is the proprietor of A&M Partners and was the supervisor of Peter Adamen. Defendant Andrew Stilson was an employee of Pine Tree Communications. Defendant Darrel Motice was the proprietor of Pine Tree Communications. Defendant Carl Simpson is and was the Director of Operations and Finance at a business known as the Root Cellar. Defendant Kraig Mason was an employee of Advanced Technologies.

On and after November 8, 2003, police officers conducted an investigation into the death of Dyer. Earlier this day there was an "incident" between Santiago and Dyer. The investigating officer contacted a number of the named defendants in an effort to obtain the surveillance images of the incident from the cameras located on two nearby buildings. The first camera was located on the Nissen building and the second camera was located on the Root Cellar building. Defendant Wood was able to pull up the images from the Nissen building security camera. After this, Defendant Stilson saved the images to a separate hard drive and he later provided the video images to the police. Subsequently, the police were unable to view theses images.

As for the camera attached to the Root Cellar, Defendant Carl Simpson ("Simpson") copied "several clips" of the "incident" onto a disk and provided this disk to the police. They later contacted Simpson for additional copies, but he was unable to provide them due to a computer malfunction. At this time, Defendant Kraig Mason of

Advanced Technology was contacted to "troubleshoot" the disks given the police. Defendant Mason was unable to recover the images. Mason then referred the police to Integral Strategic Technologies.

## DISCUSSION

### I. Motion to Amend

In the interests of finality and judicial economy, the court should rule on a motion to amend before the court considers a dispositive motion, such as a motion to dismiss or a motion for summary judgment. *Sherbert v. Remmel*, 2006 ME 116, ¶ 8, 908 A.2d 622, 624; *Kelly v. Michaud's Ins. Agency*, 651 A.2d 345, 346 (Me. 1994). A "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." M.R. Civ. P. 15(a).[4] "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." *Id.*

The court shall freely grant a motion to amend "when justice so requires." M.R. Civ. P. 15(a). This rule should be "liberally applied to achieve the purpose set forth in Rule 1: the 'just, speedy and inexpensive determination of every action.'" *Bangor Motor Co. v. Chapman*, 452 A.2d 389, 392 (Me. 1982). The Court may deny a motion to amend for a number of reasons. For instance, "the court may deny a motion to amend if it is untimely filed or filed for delay." *Sherbert*, 2006 ME 116, ¶ 8, 908 A.2d at 624. Likewise, "[a] court does not abuse its discretion when it denies a motion for leave to amend when

---

[4] Plaintiffs may amend pleadings as a matter of course at any time before a responsive pleading is served. M.R. Civ. P. 15(a). The Law Court has yet to rule on the question of whether a motion to dismiss for failure to state a claim upon which relief can be granted is a "responsive pleading" under M.R. Civ. P. 15(a). *Jones v. Suhre*, 345 A.2d 515, 517 n. 4 (Me. 1975). A motion to dismiss is not a "responsive pleading" under the F.R. Civ. P. 15(a). *See e.g., Leonard v. Parry*, 219 F.3d 25, 30-31 (1st Cir. 2007). It may be then that "a plaintiff whose attention is called to a defect in his complaint by the filing of such a motion has a right to amend as of course." 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.2 at 302 (2d ed. 1970). The Court does not reach the issue of whether a motion to dismiss is a responsive pleading because the Plaintiff has not filed an Amended Complaint. Accordingly, the Court limits its decision to the pleadings and filings before it.

3

the moving party fails to show how it could cure the complaint . . . ." *Id.* (alteration in original).

In the instant case, Plaintiff's written reason for his motion to amend is that he "is a layman at law and has just recently met a former member of the National Lawyer [sic] Guild who has agreed to assist him." Plaintiff's single-page motion does not comply with M.R. Civ. P. 7(b)(3). Moreover, Plaintiff did not indicate in his motion how his amendment to the Complaint would cure any defects. Nor did Plaintiff present the Court with any such information at the motion hearing held on March 9, 2009. Accordingly, the Court denies Plaintiff's motion to amend the pleadings pursuant to M.R. Civ. P. 15(a).

## II.    Motion to Dismiss

Defendants Mason and Wood present the Court with two motions to dismiss pursuant to M.R. Civ. P. 12(b)(6). Both contend that neither Mason nor Wood owed a duty to the Plaintiff, and even if they did owe a duty, there are no factual allegations contained in the Complaint that demonstrate how these defendants breached their duty. Specifically, these defendants argue that Plaintiff failed to allege that Mason or Wood misplaced or destroyed any evidence.

Plaintiff states in his Complaint that the "defendants owe[d] the Plaintiff a duty of care not to misplace or destroy evidence once they had knowledge that the video footage was needed for evidence." Pl.'s Compl. ¶ 46. Plaintiff goes on to state that the "Defendants breached their duty by destroying the evidence, either intentionally or by negligence." Pl.'s Compl. ¶ 49. This alleged breach of duty "caused the plaintiff injury by denying him exculpatory evidence that he would have presented at his trial. He did

4

not have this potentially exculpatory evidence and was found guilty of murder." Pl.'s Compl. ¶ 50.[5]

## A.     Standard of Review

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, 'the material allegations of the complaint must be taken as admitted.'" *Shaw v. Southern Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quoting *McAfee v. Cole*, 637 A.2d 463, 465 (Me.1994)). When reviewing a motion to dismiss, this Court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* A dismissal under M.R. Civ. P. 12(b)(6) will be granted only "when it appears beyond a doubt that the plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Id.* (quoting *Hall v. Bd. of Envtl. Prot.*, 498 A.2d 260, 266 (Me. 1985)). "The legal sufficiency of a complaint challenged pursuant to M.R. Civ. P. 12(b)(6) is a question of law." *Bean v. Cummings*, 2008 ME 18, ¶ 7, 2008 ME 18, 939 A.2d 676, 679 (citations and internal quotation marks omitted).[6]

Even when Plaintiff's Complaint against Defendant Mason or Defendant Wood is viewed in a light most favorable to Plaintiff, it lacks the necessary elements of a cause

---

[5] In his opposition, Plaintiff mistakenly relies on the doctrine of contributory negligence as a basis for his claim. The doctrine of contributory negligence is a doctrine raised by a *defendant* that works to decrease any award of damages to the plaintiff by accounting for a plaintiff's own negligence. 14 M.R.S. § 156 (2008).

[6] The Plaintiff cites *Haines v. Kerner*, 404 U.S. 519, 520 (1972) for the proposition that the Court should apply a lesser standard in viewing his pleadings than those drafted by a lawyer. The U.S. Supreme Court has re-affirmed the principle that the courts should liberally construe filings by *pro se* inmates, *Erickson v. Pardus*, 551 U.S. 89 (2007), but it has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Additionally, the Law Court has reiterated numerous times that *pro se* litigants are held to the same standards as those litigants who are represented by counsel. *See e.g., Dyer Goodall and Federle v. Proctor*, 2007 ME 145, ¶ 18, 935 A.2d 1123, 1127. These standards include compliance with the Maine Rules of Civil Procedure. *Id.* The Court does note, however, that the standard of review governing a motion to dismiss provides plaintiffs, *pro se* or otherwise, with the benefit of all reasonable inferences that can be drawn from the factual assertions set forth in the Complaint. This standard alone ensures that the Plaintiff will receive a fair and meaningful consideration of his case, regardless of his *pro se* status.

of action or factual allegations that would entitle Plaintiff to relief pursuant to some legal theory.

Plaintiff's Complaint could possibly be read as alleging the tort of "spoliation of evidence." However, the Law Court has not recognized the tort of "spoliation of evidence." *Gagne v. D. E. Jonsen, Inc.*, 298 F. Supp. 2d 145 (D. Me. 2003) (holding that leave to amend the pleadings to include a tort of spoliation of the evidence would have been futile because the Law Court has never recognized that tort.). Therefore, the Court does not consider the allegations in the context of a "spoliation of evidence" claim.

The only other possible legal theory of Plaintiff's Complaint is negligence. Negligence requires a plaintiff to establish four elements: duty, breach, causation, and damages. *Mastriano v. Blyer*, 2001 ME 134, ¶ 11, 779 A.2d 951, 954. "The existence of a duty of care is a question of law." *Reid v. Town of Mt. Vernon*, 2007 ME 125, ¶ 14, 932 A.2d 539, 544. A motion to dismiss for the failure to state a claim upon which relief can be granted is entirely appropriate if the court holds that a defendant did not owe a duty of care to a plaintiff. *See Bryan R. v. Watchtower Bible & Tract Soc'y, Inc.*, 1999 ME 144, ¶ 8, 738 A.2d 839, 843.

Duty is not a question of whether a defendant owes a general duty, but the question is "whether the defendant is under any obligation for the benefit of the *particular plaintiff.*" *Searles v. Trustees of St. Joseph's College*, 1997 ME 128, ¶ 5, 695 A.2d 1206, 1209 (emphasis added). The Court may consider many factors in determining whether a duty exists, "including the hand of history, our ideals of morals and justice, the convenience of administration of the rule, and our social ideas as to where the loss should fall." *Gafner v. Down E. Community Hosp.*, 1999 ME 130, 33, 735 A.2d 969, 976-77 (internal quotation omitted).

## B.    Defendant Mason

Plaintiff's Complaint merely asserts that Defendant Mason "met with the Detective after several attempts to troubleshoot the disk." Pl.'s Compl. ¶ 32. At that time, Defendant Mason "was not able to recover any data, and referred the Detective to Integral Strategic Technologies, Inc. (IST)." Pl.'s Compl. ¶ 33. With the exception of several conversations that Mason had with the police and with IST, the Complaint does not allege any other acts or omissions by Defendant Mason. The Complaint does not set forth any facts that establish a relationship between Mason and Santiago on the day of the incident or afterwards.

The Court accepts the factual allegations contained in the Complaint as true and the Court gives the Plaintiff the benefit of all reasonable inferences. The Court can find no rule of law that would oblige a citizen who cooperates with the police in a murder investigation to owe a duty of care to an unknown criminal suspect.[7] Moreover, the Plaintiff's Complaint does not allege a breach of any alleged duty by Defendant Mason. Defendant Mason first encountered the disk only after the surveillance images were already lost or destroyed. Absent an allegation of some sort of misconduct by Defendant Mason, Plaintiff has not alleged the necessary element of breach of duty for his negligence claim.

For the foregoing reasons, it is beyond doubt that there is no legal theory upon which the Plaintiff can recover against Defendant Mason. Therefore, the Court grants Defendant Mason's motion to dismiss.

---

[7] The law generally does not impose a duty on actors to act for the benefit of others. *Watchtower Bible*, 1999 ME 144, ¶ 12, 738 A.2d at 844. There are also no factual assertions or allegations that Mason and Santiago, or Wood and Santiago for that matter, had a "special relationship" such that the exception to this general rule could apply. *DeCambra v. Carson*, 2008 ME 127, ¶ 12, 953 A.2d 1163, 1165.

7

## C.     Defendant Wood

The only allegations in Plaintiff's Complaint that implicate Defendant Wood are that one of his employees "contacted his boss, Lou Woods [sic], for further assistance in attempting to view the footage." Pl.'s Compl. ¶ 14. Wood was able to retrieve some images, but he called in Defendant Andrew Stilson for "some consultation and further assistance." Pl.'s Compl. ¶ 15. Defendant Stilson then proceeded to retrieve and save the images for the police. The Complaint does not contain any facts that establish that Wood and Santiago had any relationship before or after the police began its murder investigation.

These factual allegations are accepted as true and the Court gives the Plaintiff the benefit of all reasonable inferences. However, as was the case for Defendant Mason, Defendant Wood did not owe a duty of care to the Plaintiff when he assisted the police in its investigation. Moreover, the allegations contained in the Complaint do not demonstrate a scintilla of wrongdoing on the part of Defendant Wood. Absent an allegation of some sort of misconduct by Defendant Wood, Plaintiff has not alleged the necessary element of breach of duty for his negligence claim.

For these reasons, it is beyond doubt that there is no legal theory upon which the Plaintiff can recover against Defendant Wood. Accordingly, Plaintiff's claim against Defendant Wood must suffer the same fate as against Defendant Mason. The Court grants Defendant Wood's motion to dismiss.

## III.    Dismissal of Action

Plaintiff presents the Court with an unopposed motion to dismiss this action as against Defendant Darrel Motice and Andrew Stilson. A plaintiff, by order of the Court, may voluntarily dismiss an action. M.R. Civ. P. 41(a)(2) ("an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms

8

and conditions as the court deems proper."). Given that there is no objection to this motion, the Court grants Plaintiff's motion to dismiss Defendant Darrell Motice and Defendant Andrew Stilson.

Therefore, the entry is:

> Plaintiff Pedro Santiago's Motion to Amend the pleadings pursuant to M.R. Civ. P. 15(a) is DENIED.

> Defendant Kraig Mason's Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(6) is GRANTED.

> Defendant Lou Wood's Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(6) is GRANTED.

> Plaintiff Pedro Santiago's Motion to Dismiss Defendant Darrel Motice and Defendant Andrew Stilson pursuant to M.R. Civ. P. 41(a)(2) is GRANTED.

> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this __11th__ day of __March__, 2009

Robert E. Crowley
Justice, Superior Court

9

```
PEDRO SANTIAGO  - PLAINTIFF                    SUPERIOR COURT
MAINE STATE PRISON 807 CUSHING RD              CUMBERLAND, ss.
WARREN ME 04864                                Docket No  PORSC-CV-2008-00457


vs
CARL SIMPSON  - DEFENDANT                       DOCKET RECORD
,
Attorney for: CARL SIMPSON
JAMES MARTEMUCCI  - RETAINED 11/14/2008
GERMANI MARTEMUCCI  RIGGLE & HILL
43 DEERING STREET
PORTLAND ME 04101


PETER ADAMEN  - DEFENDANT
7 SKILLINGS WOODS ROAD,
TURNER ME 04282
LOU WOODS-DISMISSED 3-11-09  - DEFENDANT
,
Attorney for: LOU WOODS-DISMISSED 3-11-09
DAVID PERKINS  - RETAINED
PERKINS OLSON  PA
30 MILK STREET
PO BOX 449
PORTLAND ME 04112-0449


ANDREW STILSON-DISMISED 3-11-09  - DEFENDANT
,
DARREL MOTICE-DISMISSED 3-11-09  - DEFENDANT
56 ROCHESTER STREET,
WESTBROOK ME 04092
KRAIG MASON-DISMISSED 3-11-09  - DEFENDANT
,
Attorney for: KRAIG MASON-DISMISSED 3-11-09
DAVID PERKINS  - RETAINED
PERKINS OLSON  PA
30 MILK STREET
PO BOX 449
PORTLAND ME 04112-0449


JACK WADE  - DEFENDANT
,
MIKE JONES  - DEFENDANT
,
```

Filing Document: COMPLAINT                    Minor Case Type: OTHER NEGLIGENCE
Filing Date: 08/07/2008

## Docket Events:

08/07/2008 FILING DOCUMENT - COMPLAINT FILED ON 08/07/2008
            COMPLAINT RETURNED TO SUPERIOR COURT SIGNED BY PEDRO SANTIAGO, PLAINTIFF. AD

08/14/2008 Party(s):  PEDRO SANTIAGO
            MOTION - MOTION PROCEED W/O FEE FILED ON 08/07/2008
            WITH INDIGENCY AFFIDVIT

08/14/2008 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 08/14/2008

STATE OF MAINE
CUMBERLAND, ss

PEDRO SANTIAGO
    Plaintiff

v.

PETER ADAMEN
    Defendant

SUPERIOR COURT
.CIVIL ACTION
DOCKET NO. CV-08-457
REC - CUM - 8/12/20

ORDER ON PLAINTIFF'S
AMENDED COMPLAINT

## BEFORE THE COURT

Plaintiff Pedro Santiago filed an Amended Complaint against Defendant Peter Adamen in response to the court's June 16, 2009 Order. The court reviews Plaintiff's Amended Complaint sua sponte, to determine if Plaintiff's Complaint should be dismissed.

## BACKGROUND

Plaintiff was convicted for the murder of Josh Dyer. Plaintiff filed a Complaint on August 21, 2008, against eight individuals, including Defendant Adamen. From the record it appears that Adamen was served with process but has not yet filed an answer. On April 1, 2009, Plaintiff sought an entry of default against Adamen pursuant to M.R. Civ. P. 55(a) and sought a hearing on the issue of damages. On April 7, 2009, the Clerk of Courts entered default against Adamen, and issued an Order that a hearing would be held on damages after Adamen's liability was adjudicated. Plaintiff asserted Adamen negligently assisted the Portland police in the investigation of the shooting incident, which resulted in Josh Dyer's death. As explained in the Court's June 16, 2009 Order, Plaintiff's Complaint did not set forth facts that demonstrated Adamen owed Plaintiff a duty of care or breached a duty of care. The Court ordered Plaintiff to

1

file an amended complaint alleging the requisite elements and facts against Adamen necessary for a negligence action. Plaintiff filed his Amended Complaint on October 21, 2009.[1]

Plaintiff essentially attempts to assert a claim of spoliation of evidence as a claim for negligence.[2] Plaintiff's Amended Complaint alleges that on November 8, 2003, there was an incident between the Plaintiff and Josh Dyer, which resulted in Dyer's death. Plaintiff alleges that at the time of the incident, Adamen was an employee of A & M Partners at the old Nissen Bakery building on Washington Avenue in Portland, Maine. Pl.'s Amended Compl. ¶ 3. Plaintiff further alleges that Adamen assumed a duty of care when he took Officer Hutchings of the Portland Police Department into the security camera room of the old Nissen Building and assisted the officer in the investigation of the incident. *Id.* ¶ 4.[3] Plaintiff alleges Adamen breached that duty of care because he was not trained in computer surveillance and crashed the computer that saved surveillance camera images, making him liable for the destruction of exculpatory evidence.

---

[1] By an Order dated October 29, 2009, the court warned the Plaintiff that "the plaintiff has until January 21, 2010 to serve Defendant Peter Adamen pursuant to Rule 4 M.R. Civ. P. and to file the return of service with this court. If a proper return of service is not filed by January 21, 2010, the case will be dismissed." As of January 22, 2010, the Plaintiff has not filed a proper return of service with the court, and on this ground alone, the case may be dismissed.

[2] The Law Court has never recognized the spoliation of evidence as a cause of action. *Breen v. Lucas*, 2005 Me. Super. LEXIS 67, * 24; *Lawrence v. Mooers*, 2001 Me. Super. LEXIS 93, *2; *see also Gagne v. Jonsen, Inc.*, 298 F.Supp. 2d 145, 147–48 (D.Me. 2003) (discussing that the court resolves claims based on the alleged spoliation of evidence through evidentiary sanctions).

[3] At this time the identity of the criminal suspect was unknown.

# DISCUSSION

## I. Standard of Review

This Court reviews Plaintiff's Complaint, sua sponte, as a Motion to Dismiss. A Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, 'the material allegations of the complaint must be taken as admitted.'" *Shaw v. Southern Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quoting *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994)). When reviewing a Motion to Dismiss, this Court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* A dismissal under M.R. Civ. P. 12(b)(6) will be granted only "when it appears beyond a doubt that the plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Id.* (quoting *Hall v. Bd. of Envtl. Prot.*, 498 A.2d 260, 266 (Me. 1985)). This is a question of law. *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676, 679.

## II. Plaintiff's Negligence Claim

Plaintiff's claim asserts a negligence claim against Adamen. In order to assert a prima facie case of negligence the Plaintiff must establish four elements: (1) a duty or standard of care; (2) breach of that duty or standard of care; (3) an injury to the plaintiff caused by that breach of duty or standard of care; and (4) damages. *Mastriano v. Blyer*, 2001 ME 134, ¶ 11, 779 A.2d 951, 954. The existence of a duty is a question of law. *Id.* A duty exists when the defendant is under an obligation for the benefit of a particular plaintiff. *Trusiani v. Cumberland & York Distributors, Inc.*, 538 A.2d 258, 261 (Me. 1988). "Where a court imposes a duty in a negligence case, 'the duty is always the same – to conform to the legal standard

3

of reasonable conduct in the light of the apparent risk.'" *Id.* The court may consider many factors in determining whether a duty exists, "including the hand of history, our ideals of morals and justice, the convenience of administration of the rule, and our social ideas as to where the loss should fall." *Gafner v. Down E. Community Hosp.*, 1999 ME 130, ¶ 33, 735 A.2d 969, 976-77 (internal quotation omitted).

A general obligation does not exist to protect others from harm not created by the actor. *Bryan R. v. Watchtower Bible & Tract Soc'y, Inc.*, 1999 ME 144, ¶ 12, 738 A.2d 839, 844. "The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action." *Id.* ¶ 11, 738 A.2d at 844. The only exception to this rule is where a special relationship exists between the plaintiff and the defendant. *DeCambra v. Carson*, 2008 ME 127, ¶ 12, 953 A.2d 1163, 1166.

Plaintiff asserts that Adamen assumed a duty of care when he assisted the Portland Police in their investigation of the November 8, 2003 incident. There is no rule of law that stands for the proposition that a citizen cooperating with the police in a murder investigation owes a duty to an unknown criminal defendant. Additionally, Plaintiff has failed to assert that he and Adamen had a special relationship that would give rise to a duty. Throughout the time that Adamen assisted the police, he never owed a duty to Plaintiff. Because Plaintiff has not asserted sufficient facts to impose a duty on Adamen owed to Plaintiff, Plaintiff's negligence claim fails.

4

Therefore, the entry is:

Plaintiff's claim against Defendant Adamen is DISMISSED

Dated at Portland, Maine this ___/2th___ day of ___February___, 2009.

Robert E. Crowley
Justice, Superior Court

5

F COURTS
ınd County
lox 287
ıe 04112-0287

PEDRO SANTIAGO ESQ
MAINE STATE PRISON
807 CUSHING RD
WARREN ME 04864

< OF COURTS
ɔerland County
O. Box 287
Maine 04112-0287

PETER ADAMEN
A & M PARTNERS
120 EXCHANGE ST
PORTLAND ME 04101