STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: CV06-688

VICKIE POPANZ, et al.

                  Plaintiffs

                                    ORDER ON DEFENDANTS'
                                    MOTION TO DISMISS
                                    COUNT II OF PLAINTIFFS'
         v.                         COMPLAINT

RICHARD GENDRON, et al.                           DONALD L. GARBRECHT
                                                  LAW LIBRARY
                  Defendants

AUG 02 2001

This matter came before the Court on Defendants' motion to dismiss

Count II of Plaintiffs' complaint per M.R. Civ. P. 12(b)(6).

## BACKGROUND

On January 28, 2005, Plaintiff Vickie Popanz ("Ms. Popanz") was traveling

on Highland Avenue in South Portland, Maine, when her vehicle was struck by a

vehicle driven by Defendant Rachel Gendron ("Ms. Gendron"). As a result of the

collision, Ms. Popanz suffered injuries to her leg and foot, which have required

her to undergo two surgeries and to miss nine months of work. Plaintiff Cynthia

Tack ("Ms. Tack"), Ms. Popanz's domestic partner of almost twenty years, has

also been affected by Ms. Popanz's injuries. Plaintiffs have sued Defendants,

alleging negligence and "reciprocal loss of consortium." The latter count is

premised on the couple's same-sex domestic partnership.

Defendants have moved to dismiss Count II for loss of consortium on the

basis that Maine law limits recovery for such a loss to married persons. Plaintiffs

contend that Maine's Constitution should afford them the right to recover.

1

## DISCUSSION

1.    <u>Standard of Review</u>.

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. The Court should dismiss a claim only "when it appears 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that [she] might prove in support of [her] claim.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (quoting *Hall v. Bd. of Envtl. Protection*, 498 A.2d 260, 266 (Me. 1985)).

2.    <u>May Ms. Tack Recover for Loss of Consortium</u>?

Maine's loss of consortium statute provides that "[a] married person may bring a civil action in that person's own name for loss of consortium of that person's spouse." 14 M.R.S.A. § 302 (2006). Prior to enactment of this statute, actions for loss of consortium were similarly limited. For example, where a man attempted to recover for loss of consortium after his fiancée was injured in an accident prior to their wedding, the Law Court held that "[a]bsent the lawful relationship of husband and wife, there can be no recovery for loss of consortium." *Sawyer v. Bailey*, 413 A.2d 165, 166 (Me. 1980).

Same-sex couples may not be legally married in Maine; nevertheless, Ms. Popanz and Ms. Tack contend that their relationship has all of the attributes of a marriage. They argue that this claim should go forward because they are entitled to equal protection and the right to pursue and obtain safety and happiness under Article I of the Maine Constitution. In support of this contention, they point to the Vermont case that led to the establishment of same-sex civil unions, in which the Vermont Supreme Court held that under the state constitution, same-sex couples were entitled to the statutory protections afforded married

2

heterosexual couples. *See Baker v. State*, 744 A.2d 864, 867 (Vt. 2000). They argue that the equal protection provision in Maine's constitution should be interpreted in a similarly broad fashion.

Although these constitutional arguments may be compelling, this Court declines to address them for purposes of this motion to dismiss, as the controlling statute in this matter is unambiguous. The law as it is currently written does not allow Ms. Tack to recover for her partner's injuries, and any alterations to the current statutory scheme must be made by the legislature.

The entry is:

Defendants' motion to dismiss Count II is GRANTED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _April 13, 2007_

Roland A. Cole
Justice, Superior Court

3

CHRISTIAN FOSTER ESQ
PO BOX 4803
PORTLAND ME 04112



DEBORAH BUCCINA ESQ
PO BOX 7108
PORTLAND ME 04112