STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-11-90

RUDINA GRIBIZIS and WILLIAM
GRIBIZIS,

Plaintiffs,

v.

DAVID CRAY and PATRONS
OXFORD INSURANCE COMPANY,

Defendants

**ORDER**

Before the court is defendant, David Cray's, Partial Motion to Dismiss and

Motion for Partial Summary Judgment and defendant, Patrons Oxford Insurance

Company's Motion to Dismiss.

## BACKGROUND

Rudina Gribizis and William Gribizis ("Plaintiffs") filed their amended

complaint on August 8, 2011[1] seeking various forms of relief from Defendant

David Cray ("Defendant Cray") and Patrons Oxford Insurance Company

("Patrons) arising from an automobile accident occurring on Franklin Arterial in

Portland, Maine on December 20, 2007. The Plaintiffs allege that Defendant Cray

failed to yield when turning left onto Fore Street from the Franklin Arterial

Inbound. (Am. Compl. ¶¶ 5-6.)

---

[1] The original complaint was filed on February 24, 2011. The case was originally brought
earlier but was dismissed without prejudice after mediation and after withdrawal of the
Plaintiffs' attorney.

Attorney John Veilleux of Norman, Hanson & DeTroy represented both Defendants. He answered the original complaint on behalf of both defendants and represented both at the M.R. Civ. P. 16B mediation conference that took place on July 21, 2011. Prior to the mediation session, Patrons had paid the Plaintiffs' claims for property damage and medical payments pursuant to their insurance contract but had not paid any part of the uninsured motorist claim made by the Plaintiffs.

The Plaintiffs allege that the mediation conference was the first time they became aware that Patrons contested Defendant Cray's liability for the accident. They allege that Patrons changed its position and has acted in bad faith with respect to this claim. The Plaintiffs then sought leave to amend the complaint to add a claim under the Unfair Claims Settlement Practices Act. That motion was granted and now the Defendants seek dismissal of that count of the amended complaint.

## DISCUSSION

There are two motions pending before the court. First, Defendant Patrons filed a Motion to Dismiss seeking to dismiss Count IV of the Plaintiffs' Amended Complaint. Second, Defendant Cray filed a Motion for Partial Summary Judgment and Motion to Dismiss. Defendant Cray's Motion to Dismiss simply joins and incorporates by reference Defendant Patrons' Motion to Dismiss.

<u>Motion to Dismiss</u>

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994). The court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff

2

to relief pursuant to some legal theory." *Id.* When testing the complaint under M.R. Civ. P. 12(b)(6), the material allegations of the complaint must be taken as admitted. *Id.* "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Johanson v. Dunnington,* 2001 ME 169, ¶ 5, 785 A.2d 1244.

The Plaintiffs assert their claim of violation of the Unfair Claims Settlement Practices Act ("UCSPA") based on the fact that, prior to the initiation of this lawsuit, Patrons paid their claims and sought subrogation from Defendant Cray's insurance company and, once litigation began, Patrons has been contesting Defendant Cray's liability. The Plaintiffs further claim that by using the same attorney, their insurer has aligned its interests with Mr. Cray in violation of statute and that it has failed to "effectuate prompt, fair, and reasonable settlement" when liability has become "reasonably clear." (Am. Compl. ¶ 24.)

The UCSPA creates a civil cause of action for an insured to recover damages from an insurance company if the insured can prove one of five violations, including: "Without just cause, failing to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear." 24-A M.R.S. § 2436-A(1) (2010). "Just cause" means "without a reasonable basis to contest liability, the amount of any damages or the extent of any injuries claimed." 24-A M.R.S. § 2436-A(2). Whether there is a legitimate basis for contesting liability is the "touchstone" of the court's inquiry under 24-A M.R.S. § 2436-A. *Sch. Union No. 37 v. United Nat'l Ins. Co.,* 617 F.3d 554, 564 (1st Cir. 2010). "[A]ny legitimate doubt is a safe harbor under UCSPA." *Rankin v. Allstate Ins. Co.,* 336 F.3d 8, 16 (1st Cir. 2003). There is no independent tort claim

3

for acting in bad faith against an insurer. *Marquis v. Farm Family Ins. Co.*, 628 A.2d 644, 652 (Me. 1993).

The only section of the UCSPA under which the Plaintiffs could potentially state a claim is the section quoted above. The facts supporting the Plaintiffs' claim are that Patrons paid property damage and medical payments claims to the Plaintiffs and sought subrogation from Defendant Cray's insurer, indicating that Patrons believed that Cray was liable for the accident. Now that Patrons has aligned its arguments with Defendant Cray and contests liability, it is acting in bad faith and is failing to effectuate a prompt settlement when liability has become reasonably clear. The Plaintiffs argue that liability is reasonably clear because Patrons has already agreed that Defendant Cray was at fault because it paid out the original claim and sought subrogation.

The Defendants argue that Patrons was contractually obligated to make payments to the Plaintiffs on the property and medical claims but that its obligations under the uninsured motorist provision of the contract does not require it to make payment and then seek reimbursement from Defendant Clay's insurer. The law gives Patrons the option to do this but does not require it. The Defendants argue that there is a "legitimate doubt" as to the Plaintiffs' right to recover because it has not been established that Defendant Cray was at fault or that Mrs. Gribizis has sustained the injuries that she is claiming. The Defendants also cite law proving that Patrons has the right to fully participate in the litigation.

Because "legitimate doubt" is a "safe harbor" under the statute, the Plaintiffs cannot recover if the Defendants assert facts that suggest that Defendant Cray was not at fault or that Mrs. Gribizis is not entitled to the

4

medical damages that she seeks. However, the motion to dismiss standard requires the court to assume that the facts stated in the complaint are true. The Plaintiffs alleged that Defendant Cray "failed to yield and turned in front [of] Plaintiffs' vehicle causing a collision between the two vehicles." (Am. Compl. ¶ 6.) They also alleged that this was due to Defendant Cray's negligence and resulted in injuries to Mrs. Gribizis. (Am. Compl. ¶¶ 7-9.) If these facts are true then there cannot be a "legitimate doubt" as to liability and Patrons' failure to effectuate a reasonable settlement would appear to violate the UCSPA. The Defendants' motion to dismiss Count IV is denied.

Motion for Partial Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). In considering a motion for summary judgment, the court should view the facts in the light most favorable to the non-moving party, and the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99, ¶ 8, 800 A.2d 702.

Defendant Cray moves for summary judgment on Count II of the Amended Complaint seeking loss of consortium on the grounds that the Plaintiffs were not married at the time the alleged injury occurred. The Plaintiffs argue that because they were "domestic partners" at the time of the injury and the Legislature has created new rights for domestic partners in recent years, the claim for loss of consortium is valid.

Loss of consortium is a statutory cause of action defined in 14 M.R.S. § 302 (2010), which states, "[a] married person may bring a civil action in that person's

5

own name for loss of consortium of that person's spouse." Prior to this statutory enactment in 1995 loss of consortium was recognized by the Law Court as an independent cause of action for married persons. *See e.g. Sawyer v. Bailey*, 413 A.2d 165 (Me. 1980). Both the statute and case law clearly limit the cause of action to persons who are married at the time of the injury leading to loss of consortium. The Law Court states:

> Where the injured person received his or her injury prior to marriage, the other spouse upon marriage has no cause of action for loss of consortium of his or her previously injured marriage partner, even though they were engaged to be married at the time of the injury.

*Sawyer*, 412 A.2d at 166. This is because the cause of action is coincident to the marital relationship, i.e. it also ends at death or divorce. *Id.*at 167. If a husband marries a wife after she has suffered an injury, "he took her for better or for worse in her then existing state of health, voluntarily taking unto himself any marital deprivation that might result from his wife's premarital injury." *Id.*

A statute must be construed to give effect to the Legislature's intent. *Searle v. Town of Bucksport*, 2010 ME 89, ¶ 8, 3 A.3d 390. Where the Legislature has used an unambiguous term, such as "married," the intent of the Legislature is clear and must be honored.

"Domestic partners" have been defined in Maine law as "two unmarried adults who are domiciled together under long-term arrangements that evidence a commitment to remain responsible indefinitely for each other's welfare." P.L. 2003, c. 672, § 2. The Legislature has created certain legal rights for domestic partners under the Maine Probate Code and the Family Medical Leave Act. However, there has been no amendment to the statute creating a cause of action

6

for loss of consortium and that statute continues only to apply to individuals who are married at the time of injury for which they seek compensation.

In this case, it is undisputed that Rudina Gribizis and William Gribizis were not married at the time of the alleged injury to Rudina Gribizis. (Def. Cray's Stat. Mat. F. ¶ 1.) The situation is factually similar to that in *Sawyer*. Rudina and William were domiciled together under a long-term relationship and may qualify as domestic partners. They also were later married. However, the law is clear and a cause of action for loss of consortium does not lie when the individual seeking damages was not married to the partner at the time of the injury. Defendant Cray's Motion for Partial Summary Judgment is granted.

**The entry is:**

1. **Motion to Dismiss Count IV of the Plaintiffs' Amended Complaint is DENIED.**

2. **Motion for Partial Summary Judgment on Count II of the Amended Complaint is GRANTED.**

DATE: December 8, 2011

Joyce A. Wheeler
Justice, Superior Court

Plaintiffs
-Philip P Mancini Esq.
-Julia Pitney Esq.

Defendant David Cray
-John Veilleux Esq.

Defendant Patrons Oxford Insurance Co.
-Mark Frnaco Esq.

7

RUDINA GIBIZIS and WILLIAM
GRIBIZIS,

Plaintiffs,

v.

DAVID CRAY and PATRONS
OXFORD INSURANCE COMPANY,

Defendants,

**ORDER ON MOTION
FOR SUMMARY
JUDGMENT**

STATE OF MAINE
Cumberland, ss, Clerk's Office

MAR 20 2012

RECEIVED

Before the court is Patrons Oxford Insurance Company's Motion for

Summary Judgment on Count IV (Unfair Claims Settlement Practices Act) of the

Amended Complaint. The motion was filed January 4, 2012. The Plaintiffs'

Opposition was filed on January 25, 2012. The court has received no reply

memorandum.

## BACKGROUND

The facts of this case have been presented in previous orders and only a

short recitation will be given here. On December 20, 2007, Rudina Gribizis was

driving westbound on the Franklin Arterial at the intersection with Fore Street

when David Cray ("Defendant Cray" or "Cray") was attempting to turn left onto

Fore Street from Franklin Arterial eastbound. (AM. Compl. ¶ 5.) The two

vehicles collided. (Am. Compl. ¶ 6.) Mrs. Gribizis alleges that Cray was at fault.

She is seeking damages for injuries alleged to have been incurred as a result of

the accident. (Am. Compl. ¶¶ 6-24.)

1

damages, including costs and attorney's fees, if the insurer's actions fall within the behavior prohibited by the act. 24-A M.R.S. § 2436-A (2011). Specifically, the act authorizes recovery if an insurer, without just cause, fails to effectuate a prompt, fair, and equitable settlement of claims submitted, for which liability has become "reasonably clear." 24-A M.R.S. § 2436-A(1)(E). Acting without "just cause" means refusing to settle claims without a reasonable basis to contest liability, the amount of damages, or the extent of injuries claimed. 24-A M.R.S. § 2436-A(2). Whether there is a legitimate basis for contesting liability is the "touchstone" of the court's inquiry under 24-A M.R.S. § 2436-A. *Sch. Union No. 37 v. United Nat'l Ins. Co.*, 617 F.3d 554, 564 (1st Cir. 2010). "[A]ny legitimate doubt is a safe harbor under UCSPA." *Rankin v. Allstate Ins. Co.*, 336 F.3d 8, 16 (1st Cir. 2003).

The Plaintiffs allegation of unfair claims settlement arise from the facts that Patrons paid to Mrs. Gribizis $5,000 in medical payments and maintains subrogation rights on that payment (Am. Compl. ¶ 20), that Patrons paid out Mrs. Gribizis' property damage claim and was reimbursed by Defendant Cray's carrier, Progressive Insurance (Am. Compl. ¶ 19), that Patrons and Cray were represented by the same attorney at the mediation conference (Am. Compl. ¶ 18), and that that attorney submitted a mediation statement in which, allegedly for the first time, Patrons aligned its position on Cray's liability with Cray rather than the Plaintiffs (Am. Compl. ¶ 22).

Patrons argues that its payments under its contract with the Plaintiffs were required as a matter of contract law and that it has a legitimate basis on which to contest Cray's liability, thus excluding its failure to enter into a settlement or pay out the Plaintiffs' claim from the protections of the Unfair

3

Claims Settlement Practices Act. Therefore, at summary judgment, Patrons is only required to prove that facts existed that could provide a legitimate basis for doubting liability. It is not required to prove that those facts are true; that is, Patrons does not have to prove that Cray was not at fault in this vehicle accident.

In support of its motion, Patrons states that Defendant Cray testified that road conditions at the time of the accident were "bad," that the roads were "slick," and that he saw at least three accidents on his drive home that night. (Def. SMF ¶¶ 24-26.) Patrons also states that Cray was familiar with the intersection and was attempting to make a left-hand turn across traffic at the time of the accident. (Def. SMF §§ 27-28.) He testified that his truck crept into the median so that he could get a view of the oncoming traffic, that his truck skidded, and that there was nothing he could do to prevent the accident. (Def. SMF ¶¶ 29-30.)

The Plaintiffs admit that Cray testified that at the time of the accident road conditions were bad but they attempt to deny the remainder of Cray's version of events. However, the Plaintiffs' denials of paragraphs 26-30 do not properly controvert the Defendant's Statements of Material Fact because the denials are not supported by record citations, as required by M.R. Civ. P 56(h)(4). The Plaintiffs provide Rudina Gribizis's version of events and provide citations to her deposition but fail to include the deposition for the court.[1]

There is no question that the parties dispute the actual facts of the accident and there is clearly a genuine issue of fact regarding how Mr. Cray's vehicle

---

[1] The deposition is not only not attached to the Plaintiffs' Opposition but it is not within the court record at all. Certain excerpts of Rudina Gribizis's deposition are attached in support of Patrons Statements of Material Fact but these excerpts do not include the pages cited by the Plaintiffs.

4

entered the opposing lane and collided with Mrs. Gribizis's vehicle. However, it is not important for the purposes of this motion to determine which version of facts is "true"; it is only important for Patrons to prove that it had a reasonable basis for denying liability. Given Mr. Cray's testimony, Patrons had a reasonable and legitimate basis for doubting that a jury would find Defendant Cray responsible for the Plaintiffs' damages. Additionally, Patrons has demonstrated that it had a reasonable basis for belief that Mrs. Gribizis's damage claims would not exceed Defendant' Cray's policy maximum because part of her claim is for lost income despite the fact that she continued to work at her former job until December 2008 and voluntarily left for different employment. (Def. SMF ¶¶ 19-21.)[2] Patrons had a reasonable basis for believing that a jury would not find that any loss of wages from this job switch was related to the accident.

The essence of the Plaintiffs claim is that they believe that their insurer was at one time defending their interests in this litigation against Defendant Cray and that the insurer suddenly switched sides and became an adversary. However, the court finds that Patrons' actions were consistent with its contractual obligations and black-letter insurance law. Patrons payment of medical and property damage claims to the Plaintiffs, and subsequent subrogation of the Plaintiffs' right to payment from Defendant' Cray on those claims, was a contractual obligation. Patrons was required to make those payments regardless of Cray's liability or the fact of any recovery from Cray's insurer. By making those payments, Patrons was in no way asserting its belief that Cray was liable for the accident. Therefore, when the Plaintiffs sued Patrons

---

[2] Again, the Plaintiff's attempt to qualify these Statements of Material Fact fail because the cited deposition is not included in the record.

5

under their uninsured motorist policy, there was no change in position by Patrons. Even if there were, Patrons was not an adversary until that point and it was the Plaintiffs who made Patrons an adversary. This is an inherent tension in insurance law and does not constitute unfair settlement practices.

Defendant Patrons Oxford Insurance Company's Motion for Summary Judgment on Count IV of the Amended Complaint is GRANTED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 3|20|12

Joyce A. Wheeler
Justice, Superior Court

6

Plaintiff's Attorney - Philip Mancini Esq

Defendant Patrons Oxford Attorney - Mark
 Franco Esq